Present:  Keenan, Koontz, Kinser, Lemons, Goodwyn, and Millette, JJ., and Lacy, S.J.

COMMONWEALTH OF VIRGINIA

v.  Record No. 082440                    OPINION BY SENIOR JUSTICE
                                              ELIZABETH B. LACY
FRANKIE LEE SQUIRE                          NOVEMBER 5, 2009


         FROM THE CIRCUIT COURT OF GREENSVILLE COUNTY
                  W. Allan Sharrett, Judge

     The Commonwealth appeals from the trial court's order dismissing the Commonwealth's petition for the civil commitment of Frankie Lee Squire as a sexually violent predator pursuant to the Civil Commitment of Sexually Violent Predators Act (the Act), Code §§ 37.2-900 through -920.  Because we conclude that the trial court's judgment was not plainly wrong or without evidence to support it, we will affirm the judgment of the trial court.

     Squire was convicted of rape in 1994 and sentenced to 15 years imprisonment with 8 years suspended.  He was released on parole in 1999, but in 2003 his probation was revoked and a portion of his suspended sentence was imposed because of two convictions for assault and battery.  He was again released from prison in 2004, but Squire was returned to prison in 2006 after he was arrested for attempted breaking and entering and violated the conditions of his release.  In October 2007, the Commonwealth filed a petition to civilly commit Squire as a

sexually violent predator (SVP). The trial court found probable cause to believe that Squire was a SVP on December 19, 2007. Following a bench trial held September 15, 2008, the trial court dismissed the petition for civil commitment, stating that

> There's no question that the defendant has been convicted of a sexually violent offense. There is no question in the Court's mind that he has a mental abnormality or a personality disorder. And there's no question in the Court's mind that that makes it difficult for him to control his predatory behavior.
>     The nub of this case in the Court's opinion is whether all of that makes him likely to engage in sexually violent acts. The standard of proof is clear and convincing evidence . . . .
> [S]o for almost six years [the defendant] has been at large in the community. . . . [H]e has not sexually reoffended either by charge, conviction or institutional infraction. And when the Court looks at that conduct of the defendant, . . . it simply cannot say that it is convinced that he will probably offend sexually.

The Commonwealth filed a timely appeal to this Court.

DISCUSSION

To establish that Squire is a sexually violent predator, the Commonwealth was required to show by clear and convincing evidence that he had been convicted of a sexually violent offense and that, because of a mental abnormality or personality disorder, he finds it difficult to control his predatory behavior which makes him likely to engage in sexually violent acts. Code §§ 37.2-900 and -908. The trial court concluded that the Commonwealth did not provide clear and convincing evidence that Squire was likely to engage in sexually violent

2

acts and dismissed the Commonwealth's petition.  In this appeal, the Commonwealth challenges this finding, arguing that the exhibits and uncontradicted testimony of two experts left the trial court with "the only reasonable conclusion . . . that Squire is a sexually violent predator."

In reviewing the Commonwealth's challenge to the trial court's judgment, we review the evidence and all reasonable inferences from the evidence in the light most favorable to Squire, the prevailing party below, and will not reverse the judgment of the trial court unless it is plainly wrong or without evidence to support it.  Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).

In this case the only testimony presented was that of the Commonwealth's expert witnesses, Dr. Doris E. Nevin and Dr. Evan S. Nelson.  The experts agreed that Squire had a mental abnormality or personality disorder and, as relevant here, because of this disorder, Squire was likely to commit sexually violent offenses in the future.

In considering Squire's personal history, Dr. Nelson noted that Squire's risk of re-offending was higher because his first sex offenses appeared while he was young, he had violated the terms of his parole and probation, and when he is under the influence of alcohol, his risk of re-offending increases dramatically.  Dr. Nevin referred to Squire's failure to

3

complete a thorough sex offender treatment program, sexual deviance, substance abuse, non-compliance with supervision, and distorted attitudes justifying sex offending as contributing to Squire's risk of re-offending.

The experts also administered actuarial risk assessment instruments.  The Sex Offense Risk Assessment Guide (SORAG) instrument used by Dr. Nelson is based on the arrests for violent offenses and is not limited to arrests for sexually related offenses.  Squire scored sixth in nine risk categories in the test, which categorized him at more risk for offending than the average sex offender.   On the Violence Risk Appraisal Guide (VRAG) instrument used by Dr. Nevin, Squire scored a +16, which is in the moderate high range and indicates a 55% probability of a violent offense within seven years and a 64% probability within ten years.

Both Dr. Nevin and Dr. Nelson used the Static-99 test. Squire scored a six on Dr. Nevin's test which put him in the highest category of risk for re-offending.  A score of six means a statistical likelihood of re-offending of 39% within five years, 45% within seven years and 52% within 10 years.  When applied by Dr. Nelson, Squire scored either a five or seven.  A score of five sets the statistical risk of re-offending at 33% within five years.  In response to questions by the court, the experts agreed that Squire's score on the Static-99 in 2007

would have been the same at the time of his release from incarceration in 1999. The experts agreed that while the tests put Squire in a specific category of risk of re-offending, they could not say that Squire would be one of the individuals who would re-offend.

The record also shows that Squire had not been charged with or convicted of any offenses of a sexual nature since 1999. Squire was not incarcerated for a number of years during that time – from 1999 to 2003 and from 2004 to 2006. In 2001 his probation officer removed Squire from supervised probation because of his compliance with the probation requirements.

Based on this record we cannot say that the trial court's judgment that the Commonwealth did not provide clear and convincing evidence that Squire is likely to commit sexually violent acts was plainly wrong or without evidence to support it. While the experts testified that, in their opinion, Squire was a sexually violent predator and was likely to commit violent sexual acts, the opinion of experts is not dispositive. Code § 37.2-908(C). The trial court specifically stated that it "listened carefully to the reports" of the experts but that it also considered "the chronology of the defendant's life." As shown by the record, Squire had no incidents of a sexual nature for almost 10 years, since 1999, whether he was in the community or incarcerated. This evidence suggests that Squire's actions

5

were, as a matter of fact, not consistent with the statistical predictors of re-offending and stood in contrast to the experts' opinions on the likelihood of Squire committing future violent sexual acts. Thus, the trial court's findings were not plainly wrong or without evidence to support them.

In support of its position, the Commonwealth also argues that the trial court erred as a matter of law because in stating that Squire had a mental abnormality or personality disorder, "the trial court had necessarily found" that Squire was "likely to engage in sexually violent offenses" because the Act defines "mental abnormality" or "personality disorder," as "a congenital or acquired condition that affects a person's emotional or volitional capacity and renders the person so likely to commit sexually violent offenses that he constitutes a menace to the health and safety of others." Code § 37.2-900. We disagree with the Commonwealth for two reasons.

Considering the trial court's statements as a whole, it is clear that in stating Squire had a mental abnormality or personality disorder, the court was not using those terms as dispositive of whether that disorder made him likely to engage in sexually violent acts. The trial court treated these two findings as distinct considerations. This is consistent with the analysis we have applied in other cases. For example, in Commonwealth v. Allen, 269 Va. 262, 271, 609 S.E.2d 4, 10

6

(2005), even though both parties' experts testified that the respondent had a personality disorder, that finding did not end the inquiry. The contested issue on appeal was whether because of the personality disorder, Allen was likely to engage in sexually violent acts. Id. at 275-76, 609 S.E.2d at 12-13.

In Commonwealth v. Miller, 273 Va. 540, 552-53, 643 S.E.2d 208, 215 (2007), the Court again stated that the Commonwealth had the burden of proving both that the respondent had a mental abnormality or personality disorder and that because of such condition the respondent "was likely to commit sexually violent offenses." In making this determination, the Court reviewed the entire record and recited the particular elements of the respondent's mental disorders that made the respondent likely to engage in sexually violent acts. Id. at 551-53, 643 S.E.2d at 214-15. These cases demonstrate that the mere use of the phrase mental abnormality or personality disorder does not automatically invoke a conclusion that a respondent is likely to engage in sexually violent acts.

Furthermore, the analysis adopted by the Court in those cases is also consistent with the actions of the General Assembly in defining mental abnormality and personality disorder and then defining a sexually violent predator as one who has such a mental condition and such condition renders the individual likely to commit sexually violent acts. If the

7

finding of a mental abnormality or personality disorder satisfied subsection (ii) of the definition of SVP in Code § 37.2-900, as the Commonwealth suggests, then the language in that part of the definition relating to loss of control and likelihood of committing a sexually violent act would be superfluous. We do not consider actions of the General Assembly to be superfluous; instead, we seek to provide meaning to all the words of a statute. Northampton County Bd. of Zoning Appeals v. Eastern Shore Dev. Corp., 277 Va. 198, 202, 671 S.E.2d 160, 162 (2009). Guided by this principle, we conclude that the General Assembly in defining a SVP considered the existence of a mental abnormality or personality disorder as an element separate from the likelihood of engaging in sexually violent acts.

Finally, we reject the Commonwealth's reliance on language in Shivaee v. Commonwealth, 270 Va. 112, 613 S.E.2d 570 (2005), as support for its position. The language cited by the Commonwealth is found in a discussion of defendant Butler's assertion that the Act was constitutionally infirm because the definition of SVP was too vague. Id. at 124-25, 613 S.E.2d at 577. In the course of that discussion we said that the language in the SVP definition regarding the likelihood of engaging in sexually violent acts "may be redundant" because of the definition of "mental abnormality" or "personality disorder."

Id. That statement falls far below an affirmative conclusion that the finding of a mental abnormality as a matter of law is a finding that the respondent is a SVP. More importantly, the language relied upon by the Commonwealth was only dicta. Butler's void for vagueness challenge to the Act failed because Butler did not assert that his conduct fell outside the purview of the statute and therefore he could not assert the vagueness of the statute on behalf of others. Id. at 125, 613 S.E.2d at 577.

In summary, for the reasons stated above, we hold that there is no error in the judgment of the trial court, and accordingly, we will affirm that judgment.

Affirmed.