Present: Kinser, C.J., Lemons, Goodwyn, Millette, McClanahan, and Powell, JJ., and Koontz, S.J.

STEVEN DEMILLE

OPINION BY
v. Record No. 110100   SENIOR JUSTICE LAWRENCE L. KOONTZ, JR.
January 13, 2012
COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Dennis J. Smith, Judge

In this appeal, we consider whether in a proceeding under the Civil Commitment of Sexually Violent Predators Act ("SVPA"), Code §§ 37.2-900 et seq., the determination that the respondent is likely to engage in sexually violent acts must be based solely on expert testimony that states an opinion to that effect in express terms. For the reasons that follow, we conclude that the factual determination of whether a respondent is a sexually violent predator likely to engage in sexually violent acts is to be based on the totality of the record, including but not limited to expert testimony.

BACKGROUND

The pertinent facts are not in dispute and, pursuant to familiar principles, will be viewed in the light most favorable to the Commonwealth. Shivaee v. Commonwealth, 270 Va. 112, 127, 613 S.E.2d 570, 578 (2005). On March 13, 1989, pursuant to a guilty plea Steven DeMille was convicted in the Circuit Court of Fairfax County of rape. On June 9, 1989, DeMille was sentenced to serve twenty-five years imprisonment,

with ten years suspended. DeMille was concurrently serving lesser sentences for other offenses. While in prison, DeMille was convicted of a weapons violation and sentenced to five years, with four years suspended. DeMille was released on mandatory parole on August 12, 1999, having served just over eleven years of his concurrent sentences, including credit for time served while awaiting trial.

Following a determination by the Virginia Parole Board that he was unsuitable for parole, DeMille was returned to the custody of the Department of Corrections on June 26, 2001 to serve the remainder of his active time. DeMille was scheduled for release on September 15, 2004. As a consequence of his scheduled release and his performance on a standardized risk assessment test, DeMille was referred for evaluation by the Department of Corrections to the Commitment Review Committee. Code § 37.2-903.[1] Based upon DeMille's criminal history and his performance on a recidivism risk assessment test, on July 27, 2004 the Committee advised the Office of the Attorney

---

[1] At the time the commitment petition was filed in this case, the provisions of the SVPA were codified at Code §§ 37.1-70.1 through 37.1-70.19. Unless noted otherwise, in all material respects the current version of the SVPA is substantially the same as the former version and, accordingly, we will cite to the current version of the SVPA in this opinion.

General of its opinion that DeMille was subject to civil commitment under the SVPA.  Code § 37.2-904.

On September 14, 2004, the Attorney General filed a petition in the circuit court seeking the civil commitment of DeMille as a sexually violent predator.  Code § 37.2-305. Counsel was appointed for DeMille, and a probable cause hearing was held on November 9, 2004 pursuant to Code § 37.2-906.  At the conclusion of the hearing, the circuit court entered an order finding that there was probable cause to believe that DeMille was a sexually violent predator.

Beginning October 4, 2005, the circuit court held a two-day bench trial to determine whether DeMille met the statutory criteria for being a sexually violent predator.  As relevant to the issue addressed in this appeal, the evidence at trial consisted of the testimony of three police detectives and a probation officer as lay witnesses.  Additionally, three expert witnesses testified at trial:  Lisa Hunt, a licensed professional counselor who had provided sex offender therapy to DeMille while on probation, and two psychologists, Dr. Anita L. Boss, an expert for the Commonwealth, and Dr. Ronald M. Boggio, an expert for DeMille.  Both Dr. Boss and Dr. Boggio also submitted written evaluations of DeMille that were received into the evidence by the court.

The testimony of the lay witnesses dealt with DeMille's criminal history and his difficulty in readjusting to society during his probation. Hunt recounted that DeMille had disclosed to her his past offenses of "peeping," Code § 18.2-130, and indecent exposure, Code § 18.2-387, along with substance abuse. However, she did not express an opinion regarding the likelihood of DeMille re-offending.

With regard to a diagnosis, both Dr. Boss and Dr. Boggio concluded that DeMille suffered from a mental defect or disorder as defined by the SVPA. Specifically, both experts diagnosed DeMille as suffering from exhibitionism, voyeurism, and a general personality disorder featuring antisocial and narcissistic behavior. Dr. Boss concluded based on her evaluation and diagnoses that "DeMille's risk for sexual recidivism can be categorized as high." Dr. Boggio concluded that "DeMille presents a high risk for sexual re-offending" based on an actuarial risk assessment, and further that "[t]aking all . . . factors into consideration, it would appear that his risk for future sexual re-offending may be somewhat higher than that predicted by actuarial variables alone."

During her testimony, Dr. Boss conceded that while she was able to state within "a reasonable degree of psychological certainty [DeMille's] potential of sexually re-offending[,] I

4

can't give that designation to the potential for sexually violent re-offense." According to Dr. Boss, this was so because, "[i]n terms of sexually violent re-offense, that's a very narrow definition and it's beyond the scope of social science." Likewise, Dr. Boggio testified that he could not express an opinion regarding DeMille's risk for committing another sexually violent act, as opposed to his general risk for committing any sexual offense "because the research does not allow us to make that distinction."

In his closing argument, DeMille's counsel asserted that in order for the circuit court to find that DeMille was "likely to engage in sexually violent acts," Code § 37.2-900, by clear and convincing evidence, "the Commonwealth is asking you . . . to fill in that evidence, to go where the experts will not go." DeMille's counsel maintained that the issue was not merely a limitation of the scope of social science research, but, rather, that the evidence showed that DeMille was more likely to commit non-violent acts of voyeurism and exhibitionism. Because DeMille "only . . . has one violent [sexual] act in his lifetime," and the experts were not able to state to a reasonable degree of psychological certainty that his likelihood to re-offend was specifically for sexually violent offenses, counsel maintained that the Commonwealth had

5

not established a necessary element of proof that DeMille was a sexually violent predator.

On March 27, 2006, the circuit court issued an opinion letter in which it set out its findings concerning whether DeMille met the criteria for being a sexually violent predator. The court noted that there was no dispute that DeMille had been convicted of a sexually violent offense and that the evidence from both Dr. Boss and Dr. Boggio was sufficient to establish that DeMille suffered from a mental abnormality or personality disorder and found it difficult to control his predatory behavior.

The circuit court devoted most of its analysis to the issue, reasserted by DeMille in this appeal, that in order to find that his risk of re-offending was specifically for sexually violent offenses, the Commonwealth was required to present express expert testimony to that effect. The court concluded that the SVPA did not require that the nature of a respondent's likelihood to re-offend be based on expert testimony alone. The court noted that the legislature had provided in other parts of the Code for instances where expert testimony was the exclusive manner for proving a fact. See, e.g., Code § 8.01-581.20 (expert testimony required to establish standard of care for medical negligence); Code § 18.2-67.9 (expert testimony required to establish that a

6

child witness should testify by closed circuit television to avoid severe emotional trauma). The court concluded that these instances were exceptions to the general rule that a trier of fact is not required to give special weight or credibility to an expert, and may disregard an expert opinion if the evidence as a whole supports a different conclusion. Moreover, the court noted that as with any other determination of fact, the trier of fact could rely on both direct and circumstantial evidence and any reasonable inferences that might be drawn therefrom.

Based on these principles of law, the circuit court ruled that "DeMille's assertion that findings of causation and likelihood of commission of further sexually violent acts can only be established if based on expert opinions directly on these issues" was not a correct statement of the law with regard to SVPA proceedings. Reviewing "the evidence as a whole," the court then concluded "that because of his personality disorder and his difficulty controlling himself, Mr. DeMille is likely to engage in sexually violent acts in the future and constitutes a menace to the health and safety of others."

On April 26, 2006, the circuit court entered an order declaring DeMille to be a sexually violent predator. The matter was continued for additional proceedings to determine

7

whether there was any suitable less restrictive alternative to involuntary secure inpatient treatment.  Code § 37.2-908(D).  At the conclusion of these proceedings, the court determined that DeMille required secure inpatient treatment and ordered him to be committed to the custody of the Department of Behavioral Health and Development Services for appropriate treatment and confinement in a secure facility.  By an order dated June 6, 2011, we awarded DeMille an appeal to determine whether the circuit court erred in ruling that the determination that a respondent in an SVPA proceeding is likely to engage in future sexually violent acts requires an express assertion to that effect by an expert witness.[2]

---

[2] We also granted DeMille an appeal on the question of whether the circuit court erred in overruling a motion, filed after the determination had already been made that DeMille was a sexually violent predator, to dismiss the commitment petition on the ground that it failed to allege that DeMille was completing a sentence for a sexually violent offense at the time the petition was filed, as was then required by former Code § 37.1-70.4.  In ruling on this issue, the court determined that DeMille was completing his sentence for the 1989 rape conviction at the time the petition was filed and as that offense was alleged to be the predicate offense for the commitment proceedings, the petition adequately stated the necessary allegations required by the SVPA to initiate a commitment proceeding.  DeMille principally attacks the court's determination that he was actually serving his sentence for the rape conviction at the time the petition was filed, but only cursorily addresses the issue on appeal, as stated in his assignment of error, that the commitment petition failed to adequately allege this fact.  Disregarding DeMille's argument addressed to the factual finding of the court, rather than the court's legal conclusion as to the adequacy of the pleading, we find that DeMille has not

DISCUSSION

On appeal, DeMille contends that "[i]f the Commonwealth's expert [Dr. Boss] could not determine the potential for sexually violent offending, the circuit court, considering the same evidence, equally could not." DeMille asserts that if Dr. Boss was not able to offer an expert opinion as to the likelihood that DeMille would re-offend by committing a violent sexual offense, the court could not base its finding on that issue on the record as a whole because the record "can be no better than its constituent elements – and none of those elements provided a basis for determining, by clear and convincing evidence, that DeMille was 'likely to engage in sexually violent acts.' "

The Commonwealth responds that the circuit court correctly relied upon the record as a whole to determine the ultimate issue in the case, which was whether DeMille met the statutory criteria for being a sexually violent predator. In making that determination, the Commonwealth notes that this Court has stated that "the opinion of experts is not dispositive." Commonwealth v. Squire, 278 Va. 746, 751, 685 S.E.2d 631, 633 (2009). We agree.

_____

sufficiently briefed the issue set out in his assignment of error, and the issue has thus been waived. Rule 5:17(c)(6); Rule 5:27.

The circumstances in the present case are the reverse of the circumstances in Squire. In that case, the expert witnesses for the Commonwealth "agreed that Squire had a mental abnormality or personality disorder and . . . because of this disorder, Squire was likely to commit sexually violent offenses in the future." Id. at 750, 685 S.E.2d at 632. However, based on various risk assessment data, the experts "could not say that Squire would be one of the individuals who would re-offend." Id. Moreover, "[t]he record also show[ed] that Squire had not been charged with or convicted of any offenses of a sexual nature since 1999. Squire was not incarcerated for a number of years during that time - from 1999 to 2003 and from 2004 to 2006. In 2001 his probation officer removed Squire from supervised probation because of his compliance with the probation requirements." Id. at 750-51, 685 S.E.2d at 633. Based upon this record as a whole, the trial court concluded that the Commonwealth had not proven by clear and convincing evidence that Squire was likely to re-offend by engaging in sexually violent acts in the future and dismissed the commitment petition. Id. at 749, 685 S.E.2d at 632.

On appeal, the Commonwealth contended that the evidence, including the "uncontradicted testimony of two experts[,] left the trial court with 'the only reasonable conclusion . . .

that Squire is a sexually violent predator.' " Id. In affirming the judgment of the trial court, we cited Code § 37.2-908(C), which provides that "[t]he court or jury shall determine whether, by clear and convincing evidence, the respondent is a sexually violent predator." Thus, we concluded that "[w]hile the experts testified that, in their opinion, Squire was . . . likely to commit violent sexual acts, the opinion of experts [on that issue] is not dispositive." Id. at 751, 685 S.E.2d at 633.

The record in Squire showed that the trial court had " 'listened carefully to the reports' of the experts but that it also considered 'the chronology of the defendant's life.' " Id. When considering the record as a whole, the trial court had concluded that the Commonwealth had not established by clear and convincing evidence that Squire was likely to engage in future sexually violent acts. In reviewing that determination and affirming the judgment of the trial court, we applied the standard applicable to appellate review of determinations of fact by a trial court or jury, that is, whether the finding is "plainly wrong or without evidence to support [it]." Id.

The rationale of Squire applies to the present case. Thus, the issue is not whether an expert must express an opinion that an SVPA commitment respondent is likely to commit

11

future sexually violent acts in order for the trier of fact to find that the respondent is a sexually violent predator. Rather, the issue is whether the record as a whole supports such a determination by the trier of fact by clear and convincing evidence. In this respect, our decision in Commonwealth v. Miller, 273 Va. 540, 643 S.E.2d 208 (2007), is instructive.

In Miller, the Commonwealth appealed the dismissal of an SVPA commitment petition contending that the trial court had erred in concluding that it had not proven Miller was a sexually violent predator by clear and convincing evidence. We reviewed the entire record and recited the particular elements of Miller's mental disorders that made him likely to engage in sexually violent acts. Id. at 551-53, 643 S.E.2d at 214-15. We concluded that the evidence of Miller being a sexually violent predator was so overwhelming that the trial court's failure to make that determination was plainly wrong and without support in the record and remanded the case for further proceedings. Id. at 553, 643 S.E.2d at 215-16.

Likewise, in the present case, we consider the record as a whole. While it is clear that neither Dr. Boss nor Dr. Boggio was able to opine that the sexual offenses DeMille was likely to commit in the future would be sexually violent acts as defined in Code § 37.2-900, neither could they exclude that

likelihood.  Indeed, both experts were equally clear that the random, brutal nature of the rape committed by DeMille and other elements of his history were significant factors in their determination that the likelihood that he would re-offend was higher than the actuarial data suggested. Additional evidence in the record established that DeMille had proven unsuitable for supervised parole, continued to have difficulty with impulse control, and sought to minimize or excuse his acts of misconduct including the rape.  Thus, in considering the record as a whole, we cannot say that the circuit court's determination that DeMille was a sexually violent predator, and specifically the factual determination that he was likely to engage in future sexually violent acts, was plainly wrong or without support in the evidence.

CONCLUSION

For these reasons, we hold that in proceedings under the SVPA, it is not necessary for an expert to state with specificity that the respondent will likely engage in sexually violent acts in the future.  Rather, the determination of whether the respondent is likely to engage in sexually violent acts as defined in Code § 37.2-900 by clear and convincing evidence is an issue of fact to be determined by the court or jury upon consideration of the whole record.  Our review of the whole record supports that determination by the circuit

13

court in this case. Accordingly, the judgment of the circuit court that DeMille is a sexually violent predator in need of treatment in a secure facility will be affirmed.

<u>Affirmed</u>.
