COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges O'Brien, Ortiz and Senior Judge Haley

VICTOR MATTHEW THOMPSON

v.      Record No. 1434-22-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*]
PER CURIAM
MAY 9, 2023

FROM THE CIRCUIT COURT OF NORTHUMBERLAND COUNTY
Herbert M. Hewitt, Judge

(James Joseph Ilijevich, on brief), for appellant.

(Jason S. Miyares, Attorney General; Erin Dugan Whealton, Senior
Assistant Attorney General, on brief), for appellee.

Victor Matthew Thompson appeals a civil commitment order entered under Virginia's

Sexually Violent Predators Act. Code §§ 37.2-900 through -921. On appeal, Thompson argues that

the evidence was insufficient to prove that he remains a sexually violent predator and that he did not

meet the criteria for conditional release. After examining the briefs and record in this case and

because the record supports the trial court's determination that Thompson remains a sexually violent

predator ineligible for conditional release, the panel unanimously holds that oral argument is

unnecessary because the appeal is "wholly without merit" and we affirm. Code § 17.1-403(ii)(a);

Rule 5A:27(a).

BACKGROUND

In February 2019, Thompson was committed to the Virginia Center for Behavioral

Rehabilitation for treatment as a sexually violent predator, stemming from his conviction for

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413.

forcible sodomy in 2001.  On August 23, 2022, the trial court conducted a review hearing to determine whether Thompson remained a sexually violent predator and, if so, whether he could be conditionally released.  The trial court reviewed reports and heard testimony from Dr. Demetria Brown and Dr. Craig S. King at this hearing.  Both doctors found that although Thompson was addressing his first sexually violent offense, his failure to take accountability for his second sexually violent offense prevented him from "moving forward" in treatment.  Thus, both doctors opined that Thompson remained a sexually violent predator who was unsuitable for conditional release.  By final order, the trial court recommitted Thompson for continuing treatment, finding that he remained a sexually violent predator who needed inpatient, secure hospitalization and finding that there was no less restrictive alternative to institutional confinement and treatment.  This appeal followed.

## STANDARD OF REVIEW

When reviewing a challenge to a trial court's sexually violent predator determination, "we review the evidence and all reasonable inferences from the evidence in the light most favorable to . . . the prevailing party below, and will not reverse the judgment of the trial court unless it is plainly wrong or without evidence to support it."  *Commonwealth v. Squire*, 278 Va. 746, 749 (2009).  Here, the prevailing party is the Commonwealth.

## ANALYSIS

Thompson argues that the evidence before the trial court was insufficient to show that he remained a sexually violent predator and that he was ineligible for conditional release.  Viewed in the light most favorable to the Commonwealth, as we must on appeal, we find that the trial court had sufficient evidence to find that Thompson remained a sexually violent predator who was not eligible for conditional release.

Sexually violent predators are individuals who have been "convicted of a sexually violent offense" and "because of a mental abnormality or personality disorder, find[] it difficult to control

[their] predatory behavior, which makes [them] likely to engage in sexually violent acts." Code § 37.2-900. Such determinations must "be based on the totality of the record, including but not limited to expert testimony." *DeMille v. Commonwealth*, 283 Va. 316, 318 (2012). Review hearings for sexually violent predators are held every year for the first five years, and every other year thereafter. Code § 37.2-910(A). On review, the Commonwealth must show by "clear and convincing evidence that the respondent remains a sexually violent predator." Code § 37.2-910(C). "If the court finds that the respondent remains a sexually violent predator, it shall order . . . secure inpatient hospitalization and treatment or . . . conditional[] release[]." Code § 37.2-910(D).

Though Thompson contends that the evidence did not support the trial court's finding that he remained a sexually violent predator and that he did not meet the criteria for conditional release, the undisputed evidence—viewed in the light most favorable to the Commonwealth—supports the trial court's judgment. The trial court received the evaluations and testimony of two expert witnesses, Drs. Brown and King, regarding Thompson's sexually violent predator status. No other evidence was offered. Although Dr. Brown more emphatically maintained that Thompson remained a sexually violent predator not suited for conditional release, Dr. King's opinion was largely the same. In his evaluation, Dr. King stated that Thompson remained a sexually violent predator and that Thompson's inability to discuss his second violent sexual offense "need[s] to be resolved, at least to some degree, before [he] . . . [can] be a candidate for conditional release." Because the undisputed evidence demonstrates that Thompson remained a sexually violent predator, unsuited for conditional release, the trial court did not err in its judgment.

## CONCLUSION

For the above reasons, we affirm the trial court's judgment.

*Affirmed.*