COURT OF APPEALS OF VIRGINIA

Present:  Judges Beales, O'Brien and Raphael
Argued at Lexington, Virginia

STEPHEN MILLARD

                                                  MEMORANDUM OPINION[*] BY
v.      Record No. 0820-23-3             JUDGE MARY GRACE O'BRIEN
                                                      MAY 21, 2024

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF WASHINGTON COUNTY
C. Randall Lowe, Judge

Matthew B. Crum for appellant.

(Jason S. Miyares, Attorney General; M. Nicole Wittman, Deputy
Attorney General; Susan Barr, Senior Assistant Attorney General;
Jessica P. Preston, Assistant Attorney General, on brief), for
appellee.

Stephen Millard appeals the trial court's judgment that he remains a sexually violent predator under Code § 37.2-910. He argues that the finding was not supported by "clear and convincing evidence based on the totality of the record." Because there is evidence in the record to support the trial court's ruling that Millard remains a sexually violent predator and the trial court's judgment was not plainly wrong, we affirm.

## BACKGROUND

"In accordance with established principles of appellate review, we view the facts in the light most favorable to the Commonwealth, the prevailing party below," and "accord the Commonwealth the benefit of all inferences fairly deducible from the evidence." *Shivaee v. Commonwealth*, 270 Va. 112, 127 (2005).

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

Millard was convicted of raping his cousin's 12-year-old daughter in 1994. Before his release from prison, the Commonwealth petitioned to civilly commit Millard under the Sexually Violent Predators Act, Code §§ 37.2-900 to -921. The trial court adjudicated Millard a sexually violent predator on February 17, 2011, but released him subject to his compliance with the terms of a conditional release plan on May 20, 2011.

Approximately eight months later, in January 2012, Millard violated the terms of his conditional release by ignoring GPS monitoring requirements and using illicit substances. The trial court revoked Millard's conditional release and committed him to the custody of the Department of Behavioral Health and Developmental Services for inpatient treatment.

After an annual review hearing in 2014, the trial court found that Millard remained a sexually violent predator but met the criteria for conditional release. The trial court again released Millard in 2015 subject to his compliance with the terms of a new conditional release plan. Six months later, Millard violated the conditions of his release by using synthetic drugs, possessing cell phones with pornographic material, and failing to report to probation. The trial court returned him to the Department's custody for inpatient treatment.

During an April 2021 annual review hearing, Dr. Ray Ramirez, a licensed clinical psychologist, testified that he had reviewed Millard's treatment records and evaluations and opined that Millard remained a sexually violent predator. Dr. Ramirez diagnosed Millard with "lifetime" antisocial personality disorder, which is characterized by "a pervasive pattern of disregard for, and violation of, the rights [of] others." After considering Millard's admission that he committed rape because he was "horny" and "didn't care who it was [who] triggered his desire to offend," Dr. Ramirez concluded that the disorder had contributed to Millard's underlying offenses. Moreover, Dr. Ramirez testified that the disorder rendered it difficult for Millard to "control[] his predatory behavior," and made him "likely to commit sexually violent acts."

- 2 -

Dr. Ramirez acknowledged that Millard had been engaging in treatment and advanced to the third phase, despite initially resisting treatment. Although Millard did not pose a risk of reoffending in an "inpatient treatment setting," Dr. Ramirez stated that there was a risk that Millard would struggle to manage his disorder in the community because he continued to minimize problems, resist authority figures, and display narcissistic traits. Millard's success in the community would depend significantly on whether he took his prescribed medications and abstained from using illicit substances. If he did not, his likelihood of reoffending increased. Finally, Dr. Ramirez stated that Millard's "recent" behavior changes did not allow him "to conclude with confidence that [Millard's] mental condition has changed so dramatically and so permanently that" he was no longer a sexually violent predator.

Dr. Craig King, a licensed clinical psychologist, provided a second opinion at Millard's request. Dr. King confirmed Millard's antisocial personality disorder diagnosis but disagreed with Dr. Ramirez's conclusion that Millard remained a sexually violent predator. Dr. King opined that Millard was no longer a sexually violent predator because he had not displayed a "pattern of sexual violence" and had been effectively managing his disorder. Although Dr. King acknowledged that Millard's 2015 conditional release violation involved possessing pornography, he noted that Millard's disorder had "lessened in significance" and "manifested in a much lower form over the years."

The trial court found that Millard remained a sexually violent predator but met the criteria for conditional release. Accordingly, it ordered Millard's conditional release under the terms of a new conditional release plan developed by the Department. The trial court subsequently vacated the release order because the residence listed in the plan was "no longer available" to Millard, but noted that the matter remained "an active cause before the [c]ourt."

In anticipation of a hearing on the status of Millard's conditional release and another annual review, the Department submitted an annual review report from licensed clinical psychologist Dr. Daniel Montaldi. Dr. Montaldi confirmed Millard's antisocial personality disorder diagnosis but opined that he was no longer a sexually violent predator. Dr. King also filed an updated report, which reiterated his position that Millard was no longer a sexually violent predator.

Both Drs. Montaldi and King further reported, however, that Millard had stopped participating in treatment after the trial court vacated the previous conditional release order and that the Department had demoted Millard to the initial treatment phase after "fermented juice" was found in his room. In addition, Millard reported late for his prescribed medication, Tramadol, and had been accused of exchanging Tramadol for "sexual favors from his roommate," who later tested positive for Tramadol despite not having a prescription for the medication.

Based on Drs. Montaldi and King's conclusions that he was no longer a sexually violent predator, Millard asked the trial court to amend its earlier finding. He reiterated that he had not reoffended sexually despite two conditional releases and asserted that with the updated reports, the Commonwealth could not carry its burden. After a January 24, 2023 hearing, the trial court found that Millard remained a sexually violent predator who qualified for conditional release. Accordingly, it ordered his release subject to a new conditional release plan.

On appeal, Millard contends that the trial court's finding that he remains a sexually violent predator was plainly wrong because the trial court "fail[ed] to give credence to" Drs. Montaldi and King's expert opinions.

ANALYSIS

A "[s]exually violent predator" is "any person who (i) has been convicted of a sexually violent offense . . . ; and (ii) because of a mental abnormality or personality disorder, finds it difficult to control his predatory behavior, which makes him likely to engage in sexually violent

- 4 -

acts." Code § 37.2-900. At an annual review hearing, the Commonwealth must prove "by clear and convincing evidence that the respondent remains a sexually violent predator." Code § 37.2-910(C).

A trial court's ultimate decision regarding whether a respondent remains a sexually violent predator must "be based on the totality of the record, including but not limited to expert testimony." *DeMille v. Commonwealth*, 283 Va. 316, 318 (2012). On appeal, we defer to the trial court's balancing of expert testimony and will not reverse a trial court's finding that a respondent is a sexually violent predator "unless it is plainly wrong or without evidence to support it." *Commonwealth v. Squire*, 278 Va. 746, 749-51 (2009).

The trial court's conclusion that Millard remained a sexually violent predator was not plainly wrong or without evidentiary support. Drs. Ramirez, King, and Montaldi all diagnosed Millard with antisocial personality disorder, which is characterized by "a pervasive pattern of disregard for, and violation of, the rights [of] others." Dr. Ramirez concluded that Millard remained a sexually violent predator and explained that Millard's disorder increased his risk of reoffending. Dr. Ramirez's expert opinion that Millard's "mental condition [had not] changed so dramatically and so permanently that" he was no longer a sexually violent predator supports the trial court's ruling. *See Parham v. Commonwealth*, 64 Va. App. 560, 565 (2015) ("The law is . . . clear that determining the credibility of the witnesses and the weight afforded the testimony of those witnesses are matters left to the trier of fact.").

Dr. Ramirez further concluded that Millard's success in the community would depend on whether he abstained from illicit substances and took his prescribed medications. Although Millard relies on Drs. Montaldi and King's opinions that he was no longer a sexually violent predator, the record reflects that, despite their ultimate conclusions, both psychologists reported signs that Millard was exhibiting the risk factors Dr. Ramirez had identified as increasing Millard's likelihood of reoffending. Both reports reflect that Millard had not been taking his prescribed medication

consistently.[1] Millard also possessed "fermented juice," refused to participate in treatment, and was demoted back to phase one of his treatment from phase three.

In essence, Millard asks us to reweigh the competing expert conclusions and overturn the trial court's factual findings. It is well-established, however, that we will not second guess the weight a trial court assigns to expert testimony. *Squire*, 278 Va. at 749-51. "If there is a conflict" in expert testimony, "and the trial court's finding is supported by credible evidence, it will not be disturbed on appeal." *Welsh v. Commonwealth*, 78 Va. App. 287, 302 (2023) (quoting *Spencer v. Commonwealth*, 240 Va. 78, 97 (1990)). Here, the trial court's finding that Millard remained a sexually violent predator is supported by the totality of the record and Dr. Ramirez's expert opinion.

## CONCLUSION

The trial court's finding that Millard remains a sexually violent predator is not plainly wrong or without evidentiary support. Accordingly, we affirm the trial court's judgment.

*Affirmed.*

---

[1] Although Dr. King's report indicates that Millard had been accused of exchanging his Tramadol for "sexual favors from his roommate," Dr. Montaldi's report notes that "nothing was established about how [the roommate] came to have [Tramadol]" despite not having a prescription for it.