# COURT OF APPEALS OF VIRGINIA

**Record No. 1203-25-4**

FRANK PAUL FERRARA

v.

COMMONWEALTH OF VIRGINIA

Present: Judges O'Brien, Causey and Bernhard

Argued by videoconference

Opinion Issued April 14, 2026[*]

**FROM THE CIRCUIT COURT OF FAUQUIER COUNTY**
James E. Plowman, Judge

Peter Thos. Hansen (Peter Thos. Hansen, P.C., on brief), for appellant.

Amanda L. Lavin, Assistant Attorney General (Jason S. Miyares,[1] Attorney General; Theophani K. Stamos, Deputy Attorney General; Erin D. Whealton, Senior Assistant Attorney General/Chief, on brief), for appellee.

## MEMORANDUM OPINION BY
## JUDGE MARY GRACE O'BRIEN

Frank Paul Ferrara appeals the circuit court's judgment finding that he remained a sexually violent predator under Code § 37.2-910 and recommitting him to the custody of the Department of Behavioral Health and Developmental Services (the Department) for inpatient treatment at the Virginia Center for Behavioral Rehabilitation (VCBR). Ferrara argues that the evidence was insufficient to prove that he remained a sexually violent predator. For the following reasons, we affirm.

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] Jay C. Jones succeeded Jason S. Miyares as Attorney General on January 17, 2026.

BACKGROUND[2]

When a respondent appeals a judgment finding that he is a sexually violent predator, this Court "view[s] the facts in the light most favorable to the Commonwealth, the prevailing party below." *Shivaee v. Commonwealth*, 270 Va. 112, 127 (2005). "We also accord the Commonwealth the benefit of all inferences fairly deducible from the evidence." *Id.*

In 1997, Ferrara was convicted of four counts of forcible sodomy of two minors, 11 and 13 years old, in violation of Code § 18.2-67.1. The victims testified that Ferrara repeatedly orally sodomized them. The court sentenced him to 24 years' incarceration, with 9 years suspended, on the condition that he successfully complete supervised probation. During his incarceration, Ferrara committed 29 institutional infractions, including 10 indecent exposures and 8 lewd or obscene acts in the presence of others. He also regularly disobeyed orders, tampered with security materials, and possessed contraband.

Ferrara finished his term of active incarceration and began supervised probation in 2011. During the next seven years, Ferrara's suspended sentences were revoked and resuspended in part four times due to his failure to cooperate with probation, receiving new convictions for indecent exposure, providing false information for the sex offender registry, and failing to complete sex offender treatment. In 2018, the Commonwealth petitioned the court to involuntarily commit Ferrara under the Sexually Violent Predators Act. A jury found that Ferrara was a sexually violent predator, and the court determined that there were no less restrictive alternatives to involuntary inpatient treatment. Accordingly, the court committed

---

[2] The record in this case was partially sealed. "To the extent that this opinion discusses facts found in sealed documents in the record, we unseal only those facts." *Brown v. Va. State Bar ex rel. Sixth Dist. Comm.*, 302 Va. 234, 240 n.2 (2023).

Ferrara to the Department's custody.[3]  While at the VCBR for inpatient treatment, Ferrara disobeyed the rules regulating his behavior—including exposing himself—and he incurred additional indecent exposure charges.  In 2021, he pleaded guilty to three counts of indecent exposure.

In January 2024, the court held an annual review to determine whether Ferrara remained a sexually violent predator and if so, whether a less restrictive alternative to inpatient treatment was appropriate.  After a hearing that included testimony from two experts, the court concluded that Ferrara remained a sexually violent predator and there were no less restrictive alternatives to inpatient treatment available.[4]  The court scheduled the next annual review hearing for 2025.

In April 2024, Ferrara exposed his penis to a nurse practitioner.  He entered a no contest plea to felony indecent exposure and was sentenced to five years of incarceration, with four years and six months suspended.  After serving his sentence, Ferrara was returned to the VCBR in December 2024.

In June 2025, the court held Ferrara's annual review hearing to determine whether he remained a sexually violent predator and, if so, whether conditional release was appropriate.  Licensed clinical psychologists Demetria Brown and Michelle Sjolinder evaluated Ferrara and testified during the hearing as experts in diagnosis, treatment, and risk assessment of sex offenders.  Dr. Sjolinder reported that after his April 2024 indecent exposure offense, Ferrara restarted his treatment in Phase I, even though he had previously been advanced to Phase II.  She explained that during her interview with Ferrara, he argued that he "was wrongfully accused, wrongfully convicted, and wrongfully found legally responsible for" indecent exposure; he

---

[3] Ferrara appealed to the Supreme Court, which affirmed the court's judgment.  *Ferrara v. Commonwealth*, 299 Va. 438, 451 (2021).

[4] Ferrara appealed to this Court, which affirmed the court's ruling in an order.  *Ferrara v. Commonwealth*, No. 0297-24-4 (Va. Ct. App. Nov. 25, 2024).

blamed his lack of progress in sex offender treatment on the time he reallocated to advocating for his innocence. Dr. Sjolinder expressed concern that Ferrara "remain[ed] fixated on relitigation of matters rather than grasping [that] he needs to put that effort into treatment and work to develop internal controls through therapeutic gains." She opined that Ferrara's sexually violent history was driven by his personality disorder, which made him likely to commit sexually violent offenses in the future. Dr. Sjolinder concluded that outpatient treatment was not appropriate.

Dr. Brown also concluded that Ferrara remained a sexually violent predator who required inpatient treatment. She noted that he "did not meet the attendance objective" for treatment, and she believed that his indecent exposure in April 2024 was an indication that he could not "demonstrat[e] that his sexual urges were under control." She also reported that during this annual review period, Ferrara continued to engage in exhibitionistic behaviors, which "reflect[ed] deviant sexual interests and negative attitudes towards females, both of which are associated with sexual recidivism risk." According to Dr. Brown, Ferrara's "continued engagement in minor and major rule violations, his inability to manage sexual urges, and problematic thinking remain his most salient risk factors." She opined that Ferrara "remained a risk to public safety."

The court ruled that Ferrara remained a sexually violent predator requiring secure inpatient treatment. Accordingly, the court recommitted him to the Department's custody for inpatient treatment. On appeal, Ferrara argues that the evidence failed to prove that he remained a sexually violent predator because the expert testimony was speculative. Ferrara also disputes his indecent exposure conviction and argues that "the experts should have factored [in] the possibility that Ferrara's behavior had improved when making their conclusions."

ANALYSIS

A "[s]exually violent predator" is "any person who (i) has been convicted of a sexually violent offense . . . and (ii) because of a mental abnormality or personality disorder, finds it difficult to control his predatory behavior, which makes him likely to engage in sexually violent acts." Code § 37.2-900. At an annual review hearing, the Commonwealth must establish "by clear and convincing evidence that the respondent remains a sexually violent predator." Code § 37.2-910(C). On appeal, we defer to the court's judgment "unless it is plainly wrong or without evidence to support it." *Commonwealth v. Squire*, 278 Va. 746, 749 (2009).

"[T]he mere use of the phrase mental abnormality or personality disorder does not automatically invoke a conclusion that a respondent is likely to engage in sexually violent acts." *Id.* at 752. Rather, the court must find that "particular elements of the respondent's mental disorders . . . made the respondent likely to engage in sexually violent acts." *Id.* Further, in making that determination, experts' opinions are "not dispositive." *DeMille v. Commonwealth*, 283 Va. 316, 323 (2012). The issue is whether the record as a whole supports the court's conclusion that the Commonwealth has proved by clear and convincing evidence that the respondent is or remains a sexually violent predator in need of inpatient treatment. *Id.* at 324.

The record here supports the court's finding that Ferrara remained a sexually violent predator. Both Drs. Sjolinder and Brown concluded that Ferrara's personality disorder and behavior while incarcerated established that he remained a sexually violent predator, who was in need of inpatient treatment. Dr. Sjolinder concluded that Ferrara's personality disorder was a driving force for his sexually violent history and made him likely to commit sexually violent offenses. Dr. Brown explained that Ferrara continued to display exhibitionistic behaviors, which indicated deviant sexual interests and a risk of reoffending. Those conclusions were supported by Ferrara's long history of flouting rules by engaging in inappropriate sexual behavior.

Ferrara resists this conclusion, arguing that the experts' conclusions were unreliable, speculative, and based upon unfair accusations by VCBR staff. We disagree. "It is well established that the trier of fact ascertains a witness'[s] credibility, determines the weight to be given to their testimony, and has discretion to accept or reject any of the witness'[s] testimony." *Layman v. Layman*, 62 Va. App. 134, 137 (2013) (quoting *Street v. Street*, 25 Va. App. 380, 387 (1997) (en banc)). "In determining the weight to be given the testimony of an expert witness, the fact finder may consider the basis for the expert's opinion." *Street*, 25 Va. App. at 387.

Here, the experts were licensed clinical psychologists, qualified to opine on the diagnosis, treatment, and risk assessment of sex offenders. In a criminal proceeding, Ferrara entered a no contest plea to indecent exposure which occurred during the time he was awaiting another yearly review. Dr. Sjolinder specifically noted that Ferrara focused on relitigating his criminal matters to the detriment of his treatment. Dr. Brown believed that the conviction was an indication that Ferrara "did not meet the objective of demonstrating that his sexual urges were under control." The court acted within its discretion by considering the record as a whole, including both expert reports and the criminal conviction, and concluding that Ferrara remained a sexually violent predator.

But even if portions of the expert opinions were to be deemed speculative, Ferrara's counsel, to his credit, acknowledges that Ferrara's latest conviction for indecent exposure while in custody of the VCBR, alone, could constitute a sufficient factual basis to support the court's judgment given the applicable deferential standard of review.

CONCLUSION

For these reasons, we affirm the judgment of the circuit court.

*Affirmed.*