PRESENT:  All the Justices

GUY MATTHEW LOTZ

OPINION BY
v.   Record No.  081122    JUSTICE S. BERNARD GOODWYN
FEBRUARY 27, 2009
COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF AUGUSTA COUNTY
Thomas H. Wood, Judge

This appeal arises from a hearing, held pursuant to Code § 37.2-910, concerning continuation of secure inpatient treatment for an individual previously found to be a sexually violent predator ("SVP") in proceedings under the Civil Commitment of Sexually Violent Predators Act, Code §§ 37.2-900 through -920.  After the hearing, the Circuit Court of Augusta County determined that Guy Matthew Lotz ("Lotz") continued to be a SVP and ordered that he remain in secure inpatient treatment. The circuit court also determined that Lotz's mental health evaluations, admitted into evidence at the hearing, should not be sealed.  Lotz challenges the circuit court's failure to grant him a conditional release and the court's decision to unseal his mental health evaluations.

After being declared a SVP, Lotz was committed to the custody of the Department of Mental Health, Mental Retardation and Substance Abuse Services for secure inpatient treatment. Code § 37.2-910(A) requires an annual review of continuation of secure inpatient treatment of SVPs for five years and at

biennial intervals thereafter.  It also requires that the Commissioner of the Department of Mental Health, Mental Retardation and Substance Abuse Services ("the Commissioner"), provide to the court a report reevaluating the SVP's condition and recommending treatment prior to each hearing.  Code § 37.2-910(B); Code § 37.2-100.  Before his first annual review hearing, Lotz moved to seal from public disclosure the report, required by Code § 37.2-910(B), reevaluating Lotz's condition and recommending treatment.  The circuit court granted the motion and entered an order sealing Lotz's required SVP mental health evaluations ("the report").  Subsequently, the report was made an exhibit and admitted into evidence at the review hearing.

At the hearing, Dr. Mario Dennis, the clinical director at the facility where Lotz was institutionalized, testified as an expert witness for the Commonwealth.  Dr. Dennis testified that Lotz was beginning to make some progress identifying his "triggers," but recommended further inpatient hospitalization. Dr. Dennis also testified that Lotz continued to have deviant thoughts of children and that Lotz admitted to continued masturbation while fantasizing about them.

The evaluations of Lotz reflected his need for improvement in the categories of "physical and hurtful aggression."  During treatment, he had confrontations with other residents, which

2

included kicking a door, shouting, and cursing. Lotz was also suspected of making some type of alcohol and trying to engage another resident in sexual activity. Dr. Dennis opined that such outbursts showed a lack of maturity and stability. The Commonwealth also presented evidence that Lotz had been disruptive during treatment on several occasions.

Additionally, Dr. Dennis expressed concern with the premature release of Lotz, considering his age, 23, the adolescent age at which his deviant sexual interest emerged, and the number of sexual interactions he has had with children. Dr. Dennis opined that if released, there is a high risk that Lotz would re-offend in a sexually violent manner, and, therefore, his release would pose an undue risk to public safety.

Lotz presented Dr. Glenn R. Miller, Jr. as an expert witness. Dr. Miller testified that Lotz had been actively engaged in treatment and compliant with its requirements. Dr. Miller opined that based on Lotz's low psychopathy scores, there is a low risk that he would engage in any violent offense. Dr. Miller also opined that Lotz was a candidate for conditional release and that he would not be an undue risk to the public.

After the hearing, the circuit court ruled that the Commonwealth proved by clear and convincing evidence that Lotz remained a SVP. The circuit court also concluded that there was no less restrictive alternative to institutional confinement due

3

to Lotz's early stage of treatment and the high risk that he would re-offend if not confined to involuntary inpatient treatment. Additionally, upon motion of the Commonwealth, the circuit court vacated the prior order sealing Lotz's evaluations contained in the report and ordered that they be unsealed.

ANALYSIS

On appeal, Lotz does not assign error to the circuit court's determination that he remained a SVP. However, Lotz argues that the circuit court erred in denying his conditional release as he satisfied the criteria for conditional release under Code § 37.2-912(A). The Commonwealth argues that the evidence presented at the hearing proved that Lotz did not satisfy such criteria.

Code § 37.2-910(C) states that in SVP review hearings, the Commonwealth has the burden to prove, by clear and convincing evidence, that the respondent remains a SVP. If the court concludes that the respondent remains a SVP, the court must order that the respondent remain in secure inpatient hospitalization or be conditionally released. Code § 37.2-910(D).

In deciding whether the respondent should be conditionally released, the court must determine if the respondent meets the following criteria

4

(i) he does not need secure inpatient treatment but needs outpatient treatment or monitoring to prevent his condition from deteriorating to a degree that he would need secure inpatient treatment; (ii) appropriate outpatient supervision and treatment are reasonably available; (iii) there is significant reason to believe that the respondent, if conditionally released, would comply with the conditions specified; and (iv) conditional release will not present an undue risk to public safety.

Code § 37.2-912(A).

Because the Commonwealth prevailed at the hearing, this Court must view the evidence in the light most favorable to the Commonwealth. Shivaee v. Commonwealth, 270 Va. 112, 127, 613 S.E.2d 570, 578 (2005); see Commonwealth v. Jackson, 276 Va. 184, 192, 661 S.E.2d 810, 813-14 (2008). The evidence at the hearing proved that Lotz had exhibited aggressive behavior during treatment and he continued to have deviant fantasies about children. Also, Dr. Dennis opined that Lotz's release would pose an undue risk to public safety. Although Dr. Miller disagreed with Dr. Dennis' opinion, Lotz's evaluations showed his aggressive behavior during treatment, and Lotz admitted during treatment that he continued to masturbate to images of children.

Upon a finding that Lotz remained a SVP, Lotz's conditional release is permitted only after a judicial determination that he satisfies all four criteria stated in Code § 37.2-912(A). See Code § 37.2-912(A). Viewing the evidence submitted at the

5

hearing in the light most favorable to the Commonwealth, there was evidence to support the circuit court's determination that Lotz failed to satisfy all the criteria for conditional release set forth in the statute.  Thus, we hold that the circuit court did not err in deciding not to place Lotz on conditional release.

Lotz also argues that the court erred in unsealing the report reevaluating Lotz's condition, which the Commissioner is required, by Code § 37.2-910(B), to prepare prior to a SVP review hearing. Lotz argues that such evaluations are health records, disclosure of which is prohibited under Code § 32.1-127.1:03.  The Commonwealth argues that the evaluations are not health records within the meaning of Code § 37.1-127.1:03 because they are forensic evaluations required by the SVP statute and are not prepared as an incident of providing health services.

Code § 32.1-127.1:03(A) provides that "except when permitted or required by this section or by other provisions of state law, no health care entity, or other person working in a health care setting, may disclose an individual's health records."  The circuit court order initially sealing Lotz's records pertains specifically to "certain mental health evaluations prepared by the Department of Corrections."  The parties agree that the order concerns sealing the report

6

required by Code § 37.2-910(B).  Assuming, without deciding, that the SVP evaluations contained in the report are medical records, Code § 37.2-910(B) requires that "the Commissioner shall provide to the court a report reevaluating the respondent's condition and recommending treatment."  Thus, because disclosure of such records is required by statute, Code § 32.1-127.1:03 does not limit their disclosure.

There is a rebuttable presumption of public access to judicial records in civil proceedings.  Perreault v. The Free Lance-Star, 276 Va. 375, 390, 666 S.E.2d 352, 360 (2008); Shenandoah Publishing House, Inc. v. Fanning, 235 Va. 253, 258, 368 S.E.2d 253, 256 (1988); see Code § 17.1-208.  Exhibits entered into evidence in a judicial proceeding that lead to the judgment constitute judicial records.  Perreault, 276 Va. at 387, 666 S.E.2d at 358; Shenandoah Publishing, 235 Va. at 257, 368 S.E.2d at 255.  In order to overcome the presumption of public access, the moving party bears the "burden of establishing an interest so compelling that it cannot be protected reasonably by some measure other than a protective order."  Perreault, 276 Va. at 389, 666 S.E.2d at 360 (quoting Shenandoah Publishing, 235 Va. at 258-59, 368 S.E.2d at 256).  Further, "risks of damage to professional reputation, emotional damage, or financial harm, stated in the abstract," are not sufficient reasons for a court to seal judicial records.

Shenandoah Publishing, 235 Va. at 259, 368 S.E.2d at 256; accord Perreault, 276 Va. at 392, 666 S.E.2d at 361.

In this case, the Commonwealth filed the SVP report prepared by the Commissioner pursuant to Code § 37.2-910(B) as an exhibit, and the report was admitted into evidence at the hearing.  Thus, under Perreault and Shenandoah Publishing, the evaluations contained in that report fall within the definition of judicial records, creating a rebuttable presumption of public access.  See Code § 17.1-208.  Because Lotz failed to rebut this presumption, the circuit court did not err in unsealing the evaluations of Lotz contained in the report that was introduced into evidence during the SVP annual review hearing.

Accordingly, for the reasons stated above, we will affirm the judgment of the circuit court.

Affirmed.