# COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Chief Judge Decker, Judges Fulton and Ortiz

STEVEN PERRY

                                      MEMORANDUM OPINION[*] BY

v.      Record No. 1472-22-1         CHIEF JUDGE MARLA GRAFF DECKER
                                           DECEMBER 19, 2023

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
Leslie L. Lilley, Judge

    (Diane P. Toscano; Toscano Law Group, P.C., on brief), for
    appellant. Appellant submitting on brief.

    (Jason S. Miyares, Attorney General; Amanda L. Lavin, Assistant
    Attorney General, on brief), for appellee. Appellee submitting on
    brief.

Steven Perry appeals the circuit court's judgment that he remains a sexually violent predator

under Code § 37.2-910 and recommitting him to the custody of the Department of Behavioral

Health and Developmental Services (the Department) for continued treatment. The appellant argues

that the circuit court erred by finding that he remained a sexually violent predator and did not meet

the criteria for conditional release. We hold the record supports the circuit court's factual findings.

Accordingly, we affirm the court's judgment.[1]

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] Portions of the record in this matter are sealed. Nonetheless, this appeal necessitates unsealing relevant material for purposes of resolving the issues raised by the appellant. Consequently, "[t]o the extent that this opinion mentions facts found in the sealed record, we unseal only those specific facts, finding them relevant to the decision in this case. The remainder of the previously sealed record remains sealed." *Levick v. MacDougall*, 294 Va. 283, 288 n.1 (2017).

BACKGROUND[2]

In 1988, the appellant was convicted of rape, burglary, and grand larceny. He was sentenced to a total of thirty years and twelve months of incarceration. While in prison, the appellant accumulated "a significant number" of indecent exposure charges.

In 2018, as the end of the appellant's term of active incarceration neared, the Commonwealth filed a petition against the appellant, as the respondent, to civilly commit him under the Sexually Violent Predators Act, Code §§ 37.2-900 to -921. A jury found that the appellant was a sexually violent predator. After reviewing additional evidence, the circuit court found that he did not satisfy the criteria for conditional release and there was "no less restrictive alternative to involuntary secure inpatient treatment." Accordingly, the court committed the appellant to the Department's custody for inpatient treatment at the Virginia Center for Behavioral Rehabilitation (the Center).[3]

In 2022, in compliance with the Code, the circuit court held an annual review of the appellant's status as a sexually violent predator and related civil commitment. At the hearing, Dr. Daniel Montaldi, an expert in the treatment and risk assessment of sex offenders, confirmed that the appellant had been diagnosed with a "specified personality disorder" with "antisocial traits" and exhibitionist disorder.[4] His personality disorder manifested in fewer "emotional resources for resisting" criminal "urge[s]" and less "aversion to violating the rights of other people."

---

[2] Under the applicable standard of review, this Court considers "the evidence in the light most favorable to the Commonwealth," as the prevailing party below. *Lotz v. Commonwealth*, 277 Va. 345, 349 (2009). In doing so, we "accord the Commonwealth the benefit of all inferences fairly deducible from the evidence." *Shivaee v. Commonwealth*, 270 Va. 112, 127 (2005).

[3] The appellant petitioned the Supreme Court of Virginia for an appeal from the circuit court's judgment. The Supreme Court refused the petition.

[4] Dr. Montaldi considered the appellant's exhibitionist disorder to be in "full remission" because for twelve years the appellant had no documented incidents of indecent exposures.

Dr. Montaldi opined that the combination of the appellant's conditions resulted in little "remorse" for his offenses. In addition, the appellant's score on the Static-99R, an objective risk assessment tool, placed him at an above-average risk of reoffending when compared to other sexual offenders.

Dr. Montaldi reported that since the last annual review hearing, the appellant had been verbally abusive to the Center staff, repeatedly failed to follow their instructions, and engaged in physical altercations with other residents. Although the appellant showed some progress in phase I of treatment, he could not advance to phases II or III because he refused to admit that he committed the underlying rape. Dr. Montaldi explained that because he continued to deny the rape, the appellant could not make significant progress with his sex-offender treatment. In addition, although the appellant admitted to the indecent exposures, he refused to fully participate in the treatment to address that behavior.

Given the lack of treatment progress, Dr. Montaldi opined that the appellant remained a sexually violent predator and needed continued inpatient treatment "to avoid deterioration of his condition." Further, Montaldi believed that the appellant's refusal to admit guilt would preclude him from being able to comply with an outpatient treatment program intended to address the rape. Although Dr. Montaldi thought that the public risk from his release could be "managed" with "close monitoring and supervision," he concluded that the appellant did not satisfy all of the statutory criteria for conditional release.

Dr. Stephen Ganderson, a second expert in sexually-violent-predator evaluations, also assessed the appellant in anticipation of the annual review hearing and similarly opined that he remained a sexually violent predator. Dr. Ganderson confirmed the appellant's diagnoses of personality disorder with antisocial traits and exhibitionist disorder but also noted "paranoid traits" associated with "psychotic disorder" that caused him to distrust others and be less deterred by rules. After reviewing the appellant's records, Ganderson noted that he demonstrated "problematic

behavior," including threats, misogynistic and racist remarks, and other forms of "verbal aggression." Ganderson indicated that the appellant's "verbal aggression" resulted from poor self-control. The doctor expressed concern that if released to the community with less supervision, the appellant's propensity to verbalize his anger would "spill over . . . into sexual matters." Moreover, in a clinical interview, the appellant was unable to communicate "treatment concepts" necessary to justify progressing to phase II of treatment. As a result, Ganderson concluded that the appellant would likely "deteriorate" without secure inpatient treatment, that outpatient treatment was not reasonably available, that the appellant was unlikely to adhere to the conditions of his release, and that his release would "present an undue risk to public safety."

The appellant testified that he was willing to address his "exposure behavior" but was not given the opportunity to fully participate in the treatment modules. He explained that he stopped exposing himself while still incarcerated because it was "holding [him] back." The appellant was frustrated that he could not advance to phase II of treatment because he maintained his innocence regarding the underlying rape. He asserted that he could comply with any conditions of his release, stating that his "big problem" was that the Center staff did not respect him.

After argument by counsel, the circuit court found that the appellant remained a sexually violent predator and did not meet the criteria for conditional release.

ANALYSIS

The appellant argues that the evidence did not support the circuit court's findings. Specifically, he believes the evidence established that he was no longer a sexually violent predator and that he met the criteria necessary for a conditional release.

I.  Standard of Review

The language of the applicable statutes and existing case law provide the standard of review governing appeals involving the continued civil commitment of someone under the Sexually Violent Predators Act.

A "[s]exually violent predator" is someone "convicted of a sexually violent offense" who, "because of a mental abnormality or personality disorder, finds it difficult to control his predatory behavior, which makes him likely to engage in sexually violent acts."  Code § 37.2-900.  Review hearings for the civil commitment of sexually violent predators are held every year for the first five years and then every other year.  Code § 37.2-910(A).

The review process requires the circuit court to "find[]," based on an examination of the evidence provided at the hearing, whether the individual "remains a sexually violent predator."  Code § 37.2-910(D).  If the circuit court finds that a respondent remains a sexually violent predator, the court "shall order that he remain in the custody" of the Department "for secure inpatient hospitalization and treatment or that he be conditionally released."  *Id.*  For a respondent to be eligible for conditional release, the circuit court must find that he meets certain conditions.  Code § 37.2-912(A).

"The standard of proof adopted by the [Sexually Violent Predators Act] is proof by clear and convincing evidence."  *Ellison v. Commonwealth*, 273 Va. 254, 260 (2007); *see* Code § 37.2-910(C).  "This evidentiary standard describes an intermediate level of proof that exceeds the 'preponderance' standard[] but does not reach the level of certainty required in criminal cases of 'beyond a reasonable doubt.'"  *Commonwealth v. Miller*, 273 Va. 540, 551 (2007) (quoting *Grubb v. Grubb*, 272 Va. 45, 54 (2006)).  The burden of proof rests with the Commonwealth.  *See* Code § 37.2-910(C).  On appeal of the review decision, a circuit court's findings of fact will be reversed

only if they are plainly wrong or without evidentiary support. *See Commonwealth v. Squire*, 278 Va. 746, 749-50 (2009).

The appellant challenges both the finding that he remained a sexually violent predator and the conclusion that he did not meet the criteria necessary for a conditional release.

## II. Sexually Violent Predator

The appellant argues that the evidence failed to show that he remained a sexually violent predator as it did not prove that "because of" a personality disorder, he was "likely" to engage in a sexually violent act. He also contends that his exhibitionist disorder was in remission and would, at most, predispose him to nonviolent sexual behavior. The appellant also emphasizes that his personality disorder had not resulted in any recent offenses or behavioral issues. As a result, he maintains that he can "regulate his conduct" and has a low propensity to "engage in impulsive acts, particularly sexually violent ones."

The circuit court's determination regarding whether a respondent remains a sexually violent predator must "be based on the totality of the record, including but not limited to expert testimony." *See DeMille v. Commonwealth*, 283 Va. 316, 318 (2012). On appeal, we defer to the weight a circuit court assigns to the expert testimony and will not reverse that court's finding that a respondent is a sexually violent predator "unless it is plainly wrong or without evidence to support it." *Squire*, 278 Va. at 749; *see Shivaee v. Commonwealth*, 270 Va. 112, 128 (2005).

Applying these principles to this case, we hold the record supports the circuit court's conclusion that the appellant remained a sexually violent predator. Drs. Montaldi and Ganderson confirmed that he had been diagnosed with a personality disorder with antisocial traits and exhibitionist disorder. In addition, Ganderson opined that the appellant displayed "paranoid traits." According to Montaldi and Ganderson, the combination of these factors resulted in the appellant being less deterred by rules and more susceptible to the urge to engage in criminal behavior.

The appellant denied responsibility for the underlying rape. *See Shivaee*, 270 Va. at 127-28 (holding that the evidence supported a finding that a respondent remained a sexually violent predator when he "continued to deny or minimize his offenses"). He had made no significant progress in treating his underlying disorders since his original adjudication as a sexually violent predator and could not progress to phases II or III of his treatment. His score on the Static-99R risk assessment tool demonstrated that he was at an above-average risk of reoffending when compared to other sexual offenders. *See Miller*, 273 Va. at 552 (reversing a finding that the respondent was not a sexually violent predator because he demonstrated "a significant risk of committing future offenses" on risk assessment tools and unsuccessfully participated in a treatment program). Although the appellant had not engaged in any sexual offenses in twelve years, his "verbal aggression" while at the Center represented poor self-control, leading Dr. Ganderson to opine that his anger could "spill over . . . into sexual matters" if he was released and under "looser" supervision. This record entirely supports the circuit court's finding that the appellant remained a sexually violent predator.

### III. Conditional Release

The appellant argues that the circuit court erred by concluding that he did not meet the criteria for conditional release, emphasizing Dr. Montaldi's testimony that the risk to public safety could be managed with "close monitoring and supervision."

For a respondent to be eligible for conditional release, the circuit court must find that he meets four conditions. Code § 37.2-912(A); *see Lotz v. Commonwealth*, 277 Va. 345, 350 (2009). First, it must find that he "does not need secure inpatient treatment but needs outpatient treatment or monitoring to prevent his condition from deteriorating to a degree that he would need secure inpatient treatment." Code § 37.2-912(A)(i). Second, the court must determine that "appropriate outpatient supervision and treatment are reasonably available." Code

§ 37.2-912(A)(ii). Third, the evidence must provide "significant reason to believe that the respondent, if conditionally released, would comply with the conditions specified." Code § 37.2-912(A)(iii). Fourth, the court must conclude that "conditional release will not present an undue risk to public safety." Code § 37.2-912(A)(iv).

The evidence shows that the appellant had not made any significant progress in his treatment. Instead, because he refused to admit culpability for the underlying rape, he could not advance beyond the initial phase of the treatment program. Consequently, Dr. Montaldi opined that the appellant needed to be in an inpatient program to avoid deterioration of his condition. Dr. Ganderson agreed. In addition, Montaldi explained that any conditional release plan would require the appellant to admit his guilt of the underlying rape in an outpatient treatment program. Both he and Ganderson opined that the appellant would not likely comply with the conditions of his release. Although the appellant claimed that he would follow any conditions the circuit court imposed, the court was unpersuaded. *See Poole v. Commonwealth*, 73 Va. App. 357, 369 (2021) (noting that the circuit court "was at liberty to discount [the appellant's] self-serving statements" (quoting *Becker v. Commonwealth*, 64 Va. App. 481, 495 (2015))). Therefore, even if the risk to public safety from the appellant's release could be managed as Dr. Montaldi speculated, the above circumstances support the court's conclusion that he did not meet *all four* of the criteria in Code § 37.2-912(A). *See Lotz*, 277 Va. at 350 ("[C]onditional release is permitted only after a judicial determination that [the respondent] satisfies *all four* criteria." (emphasis added)).

CONCLUSION

We hold that the record supports the conclusions that the appellant remained a sexually violent predator and did not meet the criteria for a conditional release. Accordingly, we affirm the judgment of the circuit court.

*Affirmed*.