COURT OF APPEALS OF VIRGINIA

Present: Judges Malveaux, Raphael and Senior Judge Petty

KEITH RANKINS

MEMORANDUM OPINION[*]
v.    Record No. 1435-22-2                    PER CURIAM
FEBRUARY 13, 2024

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF SPOTSYLVANIA COUNTY
William E. Glover, Judge

(James Joseph Ilijevich, on brief), for appellant.

(Jason S. Miyares, Attorney General; Maria N. Wittmann, Deputy
Attorney General; Susan Foster Barr, Senior Assistant Attorney
General, on brief), for appellee.


Keith Rankins appeals the trial court's findings that he "remains a sexually violent

predator" under Code § 37.2-910, that he "did not meet the criteria for conditional release" under

Code § 37.2-912, and that he should remain in the custody of the Department of Behavioral

Health and Developmental Services (the "Department") for treatment. After examining the

briefs and the record, the panel unanimously holds that oral argument is unnecessary as "the

appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a). Because the trial court

was not "plainly wrong or without evidence to support it" in finding that Rankins remains a

sexually violent predator who does not meet the criteria for conditional release, we affirm the

judgment.

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

BACKGROUND[1]

In reviewing the trial court's judgment that a respondent is a sexually violent predator, we view the facts in the light most favorable to the Commonwealth. *DeMille v. Commonwealth*, 283 Va. 316, 318 (2012). "We also accord the Commonwealth the benefit of all inferences fairly deducible from the evidence." *Shivaee v. Commonwealth*, 270 Va. 112, 127 (2005). The relevant facts are not in dispute.

In 2007, Rankins was convicted of aggravated sexual battery of a 12-year-old victim in violation of Code § 18.2-67.3. In January 2012, a jury found that Rankins was a sexually violent predator under Code § 37.2-900. As a result, he was involuntarily committed to the Department's custody for inpatient treatment. Rankins's annual reviews by the court found that he had not achieved the milestones necessary for release.

Rankins was not a model resident at the Virginia Center for Behavioral Rehabilitation (the "Center"), where he received treatment.[2] In 2020 and 2021, Rankins said that he wanted to "f---" a female staff member "in the ass," and he threatened "to f---" another female staff member when he was released. Rankins repeatedly commented on the appearance of female staff members at the Center, referring to the "pretty ass" of one of them and calling another a "sex symbol." Rankins sometimes refused to participate in treatment, earning a 0% group attendance rate during the spring 2021 quarter and a 20% attendance rate in the summer of 2021.

For the September 2022 annual review, clinical psychologist Dr. Daniel Montaldi prepared a report. Dr. Montaldi submitted his initial report in November 2021 and an updated

---

[1] Portions of the record in this case were sealed. We unseal only the specific facts stated in this opinion, "finding them relevant to our decision." *Daily Press, LLC v. Commonwealth*, 301 Va. 384, 393 n.1 (2022). "The remainder of the previously sealed record remains sealed." *Levick v. MacDougall*, 294 Va. 283, 288 n.1 (2017).

[2] Rankins has been a resident of the Center since May 2012, but for a few periods of incarceration for assault and battery.

report in May 2022. Dr. Montaldi opined that Rankins remained a sexually violent predator who required further secure, inpatient treatment.

At Rankins's request, the trial court appointed psychologist Dr. Alan von Kleiss to provide a second opinion. Dr. von Kleiss interviewed Rankins and reviewed his medical records, treatment plans, and observation notes from staff at the Center. In June 2022, Dr. von Kleiss submitted a report to the trial court concluding that Rankins remained a sexually violent predator and recommending that he continue to receive secure inpatient treatment.

Both psychologists testified consistently with their reports at the September 2022 annual-review hearing. They agreed that Rankins remained a sexually violent predator who was not a suitable candidate for conditional release. Although Rankins had not engaged in any physical acts of sexual aggression at the Center, he continued to make sexually threatening and inappropriate remarks to female staff that reflected a lack of respect and impulse control. Dr. Montaldi noted that merely "keeping one's hands off trained staff members inside a secure facility" and "avoiding a display of genitals, is not enough to show that the treatment . . . has . . . had its full intended effect." Dr. Montaldi stressed that Rankins had not attended treatment regularly, had been demoted from Phase II to Phase I, and had only recently been re-admitted to Phase II of the Center's three-phase program. Dr. Montaldi explained that, although Rankins participated "for a while" in therapy, Rankins "tend[ed] to lapse back into becoming defensive and agitated . . . and then he's back at square one where he's not listening to what other people have to say," harming his progress in the program.

Both doctors diagnosed Rankins with antisocial personality disorder and exhibitionistic disorder. They also agreed that Rankins posed a "well above average" risk of reoffending if he were released from the Center.

The trial court found that while Rankins's behavior had improved during inpatient treatment, his improvement had been inconsistent. Based on the psychologists' concurring opinions and staff members' observation notes, the trial court held that the Commonwealth proved by clear and convincing evidence that Rankins remained a sexually violent predator. The trial court also found that the Commonwealth had proved by clear and convincing evidence that Rankins did not meet the four criteria for conditional release in Code § 37.2-912. Finding no suitable, less restrictive alternative to involuntary secure inpatient treatment, the trial court recommitted Rankins to the Department for further treatment. Rankins noted a timely appeal.

ANALYSIS

Rankins argues that the Commonwealth failed to prove by clear and convincing evidence that he remained a sexually violent predator and that he did not meet the statutory criteria for conditional release. We will not reverse the trial court's finding that an individual is a sexually violent predator unless it is "plainly wrong or without evidence to support it." *Shivaee*, 270 Va. at 128.

A "[s]exually violent predator" is "any person who (i) has been convicted of a sexually violent offense . . . ; and (ii) because of a mental abnormality or personality disorder, finds it difficult to control his predatory behavior, which makes him likely to engage in sexually violent acts." Code § 37.2-900. At an annual review hearing, the Commonwealth must prove "by clear and convincing evidence that the respondent remains a sexually violent predator." Code § 37.2-910(C). In meeting its burden of proof, the Commonwealth may present expert testimony. *E.g.*, *Shivaee*, 270 Va. at 127-28 (relying on expert opinion to affirm a finding that the respondent remained a sexually violent predator). *But see DeMille*, 283 Va. at 322 (noting that "the opinion of experts is not dispositive" (quoting *Commonwealth v. Squire*, 278 Va. 746,

751 (2009))). The credibility and weight to be given such expert testimony rests with the trier of fact. *Rams v. Commonwealth*, 70 Va. App. 12, 27 (2019).

If the trial court finds that the respondent remains a sexually violent predator, the court "shall order that he remain in the custody of the Commissioner for secure inpatient hospitalization and treatment or that he be conditionally released." Code § 37.2-910(D). If the respondent is no longer a sexually violent predator, he shall be released "from secure inpatient treatment." *Id.* To be eligible for conditional release, the trial court must find that a sexually violent predator:

> (i) . . . does not need secure inpatient treatment but needs outpatient treatment or monitoring to prevent his condition from deteriorating to a degree that he would need secure inpatient treatment; (ii) appropriate outpatient supervision and treatment are reasonably available; (iii) there is significant reason to believe that the respondent, if conditionally released, would comply with the conditions specified; and (iv) conditional release will not present an undue risk to public safety.

Code § 37.2-912(A). "[C]onditional release is permitted only after a judicial determination that [the sexually violent predator] satisfies all four criteria." *Lotz v. Commonwealth*, 277 Va. 345, 350 (2009).

The record here amply supports the trial court's finding that Rankins remained a sexually violent predator who did not satisfy the criteria for conditional release. Rankins failed to regularly attend treatment at the Center, including sex offender treatment. Although he twice progressed to Phase II of the Center's three-phase treatment program, he was twice demoted to Phase I. He was demoted the first time in 2017 after acting out sexually. After progressing to Phase II a second time, he was arrested for indecent exposure and again demoted in 2019. When Dr. Montaldi interviewed him in October 2021, Rankins said he chose not to participate in treatment because he did not believe the social worker assigned to him was trying to help him.

When Dr. Montaldi updated his evaluation in May 2022, Rankins had returned to the first quarter of Phase II.

Both experts agreed that Rankins met the definition of a sexually violent predator and that conditional release was not yet appropriate. Their opinions were supported by Rankins's documented history of sexually inappropriate behavior at the Center. Despite a decrease in the number of inappropriate behaviors, Rankins continued to make "lewd comments" to female staff and transgress behavioral boundaries. Both psychologists agreed that Rankins presented a well-above-average risk of reoffending if he were released. *See Shivaee*, 270 Va. at 127-28 (affirming the trial court's finding that the respondent was a sexually violent predator when two experts testified that because of his mental abnormality, it was "difficult to control his predatory behavior" and he was "likely" to reoffend).

## CONCLUSION

Viewing the record as a whole, including the uncontested and consistent opinions of Drs. Montaldi and von Kleiss, we cannot say that the trial court was plainly wrong or without evidence to support its conclusion that Rankins remained a sexually violent predator who did not meet the criteria for conditional release under Code § 37.2-912.

*Affirmed*.