COURT OF APPEALS OF VIRGINIA

**UNPUBLISHED**

Present: Judges Fulton, Causey and Raphael

MICHAEL BRUMFIELD

                                         MEMORANDUM OPINION*

v.      Record No. 1564-23-3                          PER CURIAM
                                                  MAY 14, 2024

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF CAMPBELL COUNTY
John T. Cook, Judge

(Charles E. Haden, on brief), for appellant.

(Jason S. Miyares, Attorney General; Susan Foster Barr, Senior
Assistant Attorney General, on brief), for appellee.

Michael Brumfield appeals the trial court's judgment that he remains a sexually violent predator under Code § 37.2-910 and that he did not meet the criteria for conditional release under Code § 37.2-912. He argues that the evidence failed to prove that (1) he remained a sexually violent predator, or (2) there was "no less restrictive alternative than involuntary secure inpatient treatment." We find the trial court's factual findings to be supported by the evidence. We further find that oral argument is unnecessary because "the appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a).

---

\* This opinion is not designated for publication. *See* Code § 17.1-413(A).

BACKGROUND[1]

In reviewing a trial court's judgment that a respondent is a sexually violent predator, we view the facts in the light most favorable to the Commonwealth. *DeMille v. Commonwealth*, 283 Va. 316, 318 (2012). "We also accord the Commonwealth the benefit of all inferences fairly deducible from the evidence." *Shivaee v. Commonwealth*, 270 Va. 112, 127 (2005). The relevant facts here are not in dispute.

In 2002, Brumfield was convicted of misdemeanor sexual battery after "three instances of sexual behavior with a 12-year-old boy" at a school they attended when Brumfield was 17. In 2007, Brumfield was convicted of forcible sodomy after he inserted his penis into his two-year-old nephew's mouth. Brumfield said he committed that offense to "punish" his "irritating" nephew through humiliation, similar to how his father and other authority figures had punished him. Brumfield admitted that he had "no business being alone with children," acknowledging that he could "be an asshole" and could "objectify anyone [into being a sex object]." For the 2007 offense, the trial court sentenced Brumfield to ten years' incarceration with six years suspended.

In 2010, finding Brumfield to be a sexually violent predator under Code § 37.2-900, the court committed him to the custody of the Department of Behavioral Health and Developmental Services for inpatient treatment. At an annual review hearing in June 2011, the court conditionally released Brumfield from the Department's custody. But Brumfield soon violated the conditions of his release by watching pornography for ten hours each day and being dishonest with his probation officer and treatment provider. In December 2014, the trial court

---

[1] Portions of the record in this case are sealed. We unseal only the specific facts stated in this opinion, "finding them relevant to our decision." *Daily Press, LLC v. Commonwealth*, 301 Va. 384, 393 n.1 (2022). "The remainder of the previously sealed record remains sealed." *Levick v. MacDougall*, 294 Va. 283, 288 n.1 (2017).

revoked Brumfield's conditional release and recommitted him to the Department's custody for inpatient treatment.

In March 2017, the trial court again conditionally released Brumfield for outpatient treatment. He later violated the conditions of his release by engaging in sexual acts with his massage therapist, removing his GPS ankle monitor, and absconding from supervision. The court revoked his release and returned him to inpatient treatment. The trial court conditionally released Brumfield a third time in April 2020. But Brumfield again violated his conditions. He had a "GPS violation," developed "deviant thoughts" about seeking a prostitute, and tested positive for morphine while denying any substance abuse. In July 2021, the trial court found that he remained suitable for outpatient treatment despite having violated his conditions of release.

Within a year, however, Brumfield again violated the conditions of his release

> by: 1) creating a YouTube channel and engaging in on-line gaming without permission; 2) lying to his probation officer about accessing the internet; 3) possessing unauthorized electronic devices; 4) having sexual contact with unreported partners; and 5) possessing on his electronic devices sexually explicit images and videos of himself engaging in sexual relations with unidentified females.

The trial court held a revocation hearing in November 2022 and found that Brumfield was no longer a suitable candidate for conditional release. The court recommitted him to the Department's custody for inpatient treatment at the Virginia Center for Behavioral Rehabilitation.

In August 2023, the circuit court held an annual review hearing. Doctors William McKenna and Craig King, licensed clinical psychologists, evaluated Brumfield before the hearing. McKenna reported that Brumfield had been diagnosed with "Other Specified

Personality Disorder, With Antisocial and Narcissistic Personality Traits."[2]  He explained that Brumfield's disorder "manifested in deficits in interpersonal functioning, impulse control and emotional self-regulation"; he was "impulsive," "ha[d] difficulty managing sexual impulses," and "historically lacked remorse for his behavior."  McKenna said that Brumfield's exploitation of women showed a "lack of empathy" and a "sense of entitlement."

In the months since his recommitment, Brumfield had reached the second of three phases of treatment at the Center.  Although he engaged in treatment and had no rule violations, Brumfield had not yet identified his "personal offense pathways" or a "motivation for making changes."  And he had not shown "honesty regarding all aspects of [his] sex offending history that are relevant to treatment."  McKenna explained that Brumfield's "good behavior" in the Center's "highly structured" environment did not mean he was ready for conditional release.

Brumfield talked to McKenna about his actions during his most recent conditional release, which included "filming three women while engaging in sexual activity with them."  Brumfield claimed that the women had consented to being filmed, but nothing corroborated his claim.  McKenna testified that Brumfield might have exploited the women, and Brumfield admitted that he had "an attraction to 'being powerful' and [that] he [found] it arousing when women are in a vulnerable situation."

McKenna concluded that Brumfield was "at [an] extremely high risk for re-offense" given his "high sex drive," "impaired volitional capacity," and actions on prior conditional releases.  McKenna was concerned about Brumfield's expressed "need to have 'easy sex,'" "offensive attitudes," and interest in "vulnerable victims (e.g., women with difficult backgrounds)."  McKenna believed that Brumfield's condition could not be sufficiently

_____

[2] He also diagnosed Brumfield with alcohol and cannabis use disorder, both in "sustained remission."

- 4 -

"monitored outside of [the Center]" because he would violate the conditions of any release. McKenna concluded that Brumfield remained a sexually violent predator who was not a suitable candidate for conditional release.

Dr. King also concluded that Brumfield remained a sexually violent predator who did not meet the criteria for conditional release. King found that, along with his personality disorder, Brumfield also had "a paraphilic disorder" as demonstrated by his forcible-sodomy offense. King acknowledged that Brumfield had not committed a new sexual offense in almost 20 years but emphasized that "his sexual promiscuity and antisocial behavior" had "led him to engage in high-risk behavior," as shown by his repeated conditional-release violations. He said that Brumfield's "narcissism . . . gets him in trouble, because he" likes to be "on the edge of doing things wrong." King insisted that Brumfield needed to "demonstrate that he has control over his antisociality and narcissism before he [could] be successful on conditional release" and, therefore, needed "secure inpatient treatment to prevent his conditions from deteriorating."

The trial court credited McKenna and King's opinions as "logical and thorough." The court ruled that Brumfield remained a sexually violent predator, and it found no less restrictive option than inpatient treatment. The court therefore recommitted Brumfield to the Department's custody for inpatient treatment at the Center. Brumfield noted a timely appeal.

ANALYSIS

Brumfield argues that the evidence failed to prove that he remained a sexually violent predator. He notes that he had not committed any recent "sex-related" offenses and had successfully stayed in the community for four years during his first conditional release. He adds that his personality disorders did not render him unable to control his sexually predatory behavior. Alternatively, Brumfield suggests that his lack of new offenses shows that he could "continue treatment on an outpatient basis in the community."

A "[s]exually violent predator" is "any person who (i) has been convicted of a sexually violent offense . . . ; and (ii) because of a mental abnormality or personality disorder, finds it difficult to control his predatory behavior, which makes him likely to engage in sexually violent acts." Code § 37.2-900. At an annual review hearing, the Commonwealth must prove "by clear and convincing evidence that the respondent remains a sexually violent predator." Code § 37.2-910(C). The trial court's ultimate decision whether a respondent remains a sexually violent predator must "be based on the totality of the record, including but not limited to expert testimony." *DeMille*, 283 Va. at 318. On appeal, we will not reverse a trial court's finding that a respondent is a sexually violent predator "unless it is plainly wrong or without evidence to support it." *Commonwealth v. Squire*, 278 Va. 746, 749-51 (2009).

If the trial court finds that the respondent remains a sexually violent predator, the court "shall order that he remain in the custody of the Commissioner for secure inpatient hospitalization and treatment or that he be conditionally released." Code § 37.2-910(D). To be eligible for conditional release, the trial court must find that a sexually violent predator:

> (i) . . . does not need secure inpatient treatment but needs outpatient treatment or monitoring to prevent his condition from deteriorating to a degree that he would need secure inpatient treatment; (ii) appropriate outpatient supervision and treatment are reasonably available; (iii) there is significant reason to believe that the respondent, if conditionally released, would comply with the conditions specified; and (iv) conditional release will not present an undue risk to public safety.

Code § 37.2-912(A). "[C]onditional release is permitted only after a judicial determination that [the sexually violent predator] satisfies all four criteria." *Lotz v. Commonwealth*, 277 Va. 345, 350 (2009).

The record here amply supports the trial court's finding that Brumfield remained a sexually violent predator who did not meet the criteria for conditional release. Doctors McKenna and King agreed that Brumfield's personality disorder led him to engage in high-risk behavior. McKenna

concluded that Brumfield was "at [an] extremely high risk for re-offense." That conclusion was supported by Brumfield's history of repeatedly violating the conditions of his release by engaging in prohibited sexual activity.

Brumfield's lack of recent sexual offenses changed neither expert's opinions because, as McKenna explained, Brumfield's recent "good behavior" in the Center's "highly structured" environment did not mean that Brumfield was ready for conditional release. Brumfield's repeated violations of his release conditions demonstrated the continuing need to "control . . . his sexual impulses and antisociality." King worried that outpatient treatment would be insufficient to manage Brumfield's risk since he had not "demonstrated mastery over his personality disordered behavior" and, therefore, posed "an undue risk to the public safety."

CONCLUSION

Viewing the record as a whole, including the uncontested and consistent opinions of Doctors McKenna and King, we cannot say that the trial court was plainly wrong or without evidence to support its conclusion that Brumfield remained a sexually violent predator who did not meet the criteria for conditional release under Code § 37.2-912.

*Affirmed.*