COURT OF APPEALS OF VIRGINIA

Present:   Judges O'Brien, Ortiz and Senior Judge Humphreys

ROGER JUNIOR HOLLAND

v.        Record No. 1800-23-3

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE MARY GRACE O'BRIEN
AUGUST 20, 2024

FROM THE CIRCUIT COURT OF THE CITY OF ROANOKE
Onzlee Ware, Judge

(John S. Koehler; The Law Office of James Steele, PLLC, on brief),
for appellant.

(Jason S. Miyares, Attorney General; Amanda L. Lavin, Assistant
Attorney General, on brief), for appellee.

Roger Junior Holland appeals the court's ruling recommitting him to the custody of the

Department of Behavioral Health and Developmental Services (the Department) for inpatient

treatment upon finding that he remained a sexually violent predator. He argues that the court erred

by not granting him a conditional release. After examining the briefs and record, the panel

unanimously holds that oral argument is unnecessary because "the appeal is wholly without merit."

Code § 17.1-403(ii)(a); Rule 5A:27(a).

BACKGROUND

On appeal of a trial court's judgment that a respondent is a sexually violent predator who

remains in need of in-patient hospitalization and treatment, this Court "view[s] the evidence in the

light most favorable to the Commonwealth," the prevailing party below. *Lotz v. Commonwealth*,

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

277 Va. 345, 349 (2009). In so doing, we "accord the Commonwealth the benefit of all inferences fairly deducible from the evidence." *Shivaee v. Commonwealth*, 270 Va. 112, 127 (2005).

In November 2009, Holland was convicted of misdemeanor sexual battery and sentenced to 12 months in jail with 4 months suspended. Less than two years later, in February 2011, he was convicted of aggravated sexual battery and sentenced to five years' incarceration with four years and nine months suspended. The court found Holland in violation of his probation in 2011, 2012, and 2013. After the 2013 finding, the court imposed two years and six months of his previously suspended sentence.

In December 2014, as Holland neared completion of his active sentence, the Commonwealth petitioned the court to involuntarily commit him under the Sexually Violent Predators Act, Code §§ 37.2-900 to -921. At a hearing in 2016, the parties stipulated that Holland was a sexually violent predator because he had been diagnosed with a "mental abnormality" or "personality disorder" rendering it "difficult to control his predatory behavior" and making it likely that he would "engage in sexually violent acts."

The Commonwealth did not object to the court considering a conditional release plan at that time. However, the Department found that Holland did not have an approved home plan and "there [were] no known housing opportunities available." The court determined that Holland did "not meet all four of the criteria of conditional release" and that "there [was] no suitable less-restrictive alternative to involuntary secure inpatient treatment." Accordingly, it committed him to the Department's custody for inpatient treatment at the Virginia Center for Behavioral Rehabilitation (VCBR). After each annual review in 2018, 2019, 2020, and 2021, the court found that Holland remained a sexually violent predator who did not meet the criteria for conditional release.

Holland returned to the court for an annual review hearing on August 24, 2023. Dr. Demetria Brown, a clinical psychologist at the VCBR, evaluated Holland before the hearing and opined that he remained a sexually violent predator who did not meet the criteria for conditional release. Holland had been diagnosed with "Other Specified Paraphilic Disorder (Non-consent)," "Alcohol Use Disorder, moderate," "Cannabis Use Disorder, mild," "Intellectual Disability, mild," and "Antisocial Personality Disorder." The diagnoses arose from several incidents alleging nonconsensual sexual acts. For example, Holland's aggravated sexual battery conviction arose from an incident where he and another man restrained an 18-year-old woman and "took turns" assaulting her. In addition, after Holland was released from jail in 2012, he twice forcibly anally sodomized the woman he was living with. Other instances of sexual assault were reported. Dr. Brown opined that Holland's diagnoses and criminal history demonstrated that he "ha[d] a lack of respect for social norms" and put his own "needs above the needs of others." Holland's personality disorders also resulted in an inability "to control some of his behavior."

As of May 2022, Holland was in the second of three treatment phases at the VCBR. Dr. Brown explained that phase two was the "most intensive part of treatment," where residents identify risk factors, offense pathways, and motivation for change. Holland had attended and participated in his group treatment sessions and had no record of "sexually acting out." In addition, although he had identified his risk factors, he had "difficulty trying to demonstrate how [they] could lead to reoffending." Dr. Brown opined that Holland needed to understand the connection between his risk factors and potential for reoffending before he could "be released into the community." Holland also struggled to identify "his offense pathways" for all his prior offenses, and occasionally became argumentative and "reject[ed] . . . feedback."

Dr. Brown believed that Holland was not a suitable candidate for conditional release because he still needed to address "his problematic thinking" and reoffending pathways, and he

would receive "far less," and insufficient, treatment in the community. In Dr. Brown's opinion, Holland had "rushed the [treatment] process" and had not "sufficiently demonstrated an internalization of the treatment concepts." She believed that Holland would struggle in an outpatient setting and pose a risk to public safety because he had "not developed the skills necessary to manage his sex offender risk."

A second evaluation, prepared by Dr. Alan T.M. von Kleiss, was also submitted to the court, although Dr. von Kleiss did not testify. In his report, Dr. von Kleiss concluded that Holland remained a sexually violent predator who continued to need inpatient treatment.

Holland testified that he would have been conditionally released at his first review hearing in 2018, but he could not "find a place to live." He asserted that he was in "no trouble" at the VCBR and had attended school and complied with all requirements. He explained that he had become frustrated with the process during the winter of 2022 because he believed that he had accomplished all phase two objectives and should have been promoted to the third phase of treatment. Holland claimed that a former Roanoke police officer promised him a job when he was released and a place to live.

After the close of the evidence, the court found that Holland remained a sexually violent predator who did not meet the criteria for conditional release.

ANALYSIS

Holland does not challenge the court's finding that he remains a sexually violent predator. The sole issue Holland advances on appeal is whether the court erred in concluding that he was "not eligible for community-based treatment under a conditional release plan."

Upon a finding that the respondent remains a sexually violent predator under Code § 37.2-900, the court "shall order that [the respondent] remain in the custody of the Commissioner for secure inpatient hospitalization and treatment or that he be conditionally

- 4 -

released." Code § 37.2-910(D). To be eligible for conditional release, the court must find that a sexually violent predator:

> (i) . . . does not need secure inpatient treatment but needs outpatient treatment or monitoring to prevent his condition from deteriorating to a degree that he would need secure inpatient treatment; (ii) appropriate outpatient supervision and treatment are reasonably available; (iii) there is significant reason to believe that the respondent, if conditionally released, would comply with the conditions specified; and (iv) conditional release will not present an undue risk to public safety.

Code § 37.2-912(A). "[C]onditional release is permitted only after a judicial determination that [the sexually violent predator] satisfies all four criteria." *Lotz*, 277 Va. at 350. We will not reverse a court's finding that a respondent remains a sexually violent predator who does not meet the criteria for conditional release "unless it is plainly wrong or without evidence to support it." *Commonwealth v. Squire*, 278 Va. 746, 751-52 (2009).

Holland argues that he "was unfairly denied the opportunity to have a conditional release plan" because he previously "completed all the phase two requirements of the treatment program." He also highlights that he "made efforts to provide VCBR staff with evidence of his ability to find appropriate housing and employment."

The record supports the court's determination that Holland continued to need intensive inpatient treatment and his release would pose an undue risk to public safety. Holland was diagnosed with "Other Specified Paraphilic Disorder (Non-consent)," "Alcohol Use Disorder, moderate," "Cannabis Use Disorder, mild," "Intellectual Disability, mild," and "Antisocial Personality Disorder." According to Dr. Brown, that constellation of conditions resulted in Holland's inability "to control some of his behavior," "a lack of respect for social norms," and placement of his "needs above the needs of others."

Moreover, although Holland was receiving inpatient treatment at the VCBR, he did not understand the connection between his risk factors and the potential for reoffending. He struggled

- 5 -

to receive feedback without becoming argumentative, which would be essential in an outpatient treatment setting. In addition, Dr. Brown explained that Holland had not "internaliz[ed] . . . the treatment concepts" or addressed his "problematic thinking." Those circumstances led Dr. Brown to opine that Holland would struggle in an outpatient setting and pose a risk to public safety because he had "not developed the skills necessary to manage his sex offender risk."

Thus, the record supports the court's conclusion that Holland did not "satisf[y] all four criteria" to qualify for conditional release, as he would not receive adequate treatment in the community and his release would pose a threat to public safety. *See Lotz*, 277 Va. at 348, 350 (holding that "there was evidence to support the circuit court's determination that [the respondent] failed to satisfy all the criteria for conditional release" when an expert testified that his release "would pose an undue risk to public safety" based on his performance in treatment at the VCBR).

## CONCLUSION

For these reasons, the court's judgment is affirmed.

*Affirmed.*