UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Decker, Judges Raphael and White

CHARLES RAMSEY

MEMORANDUM OPINION*

v.     Record No. 1737-25-3

PER CURIAM

MARCH 3, 2026

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF BUENA VISTA
Christopher B. Russell, Judge

(Brandon S. Baker; Brandon S. Baker, PLLC, on brief), for
appellant. Appellant submitting on brief.

(Jay Jones, Attorney General; Jae K. Davenport, Deputy Attorney
General; Erin D. Whealton, Senior Assistant Attorney General/Chief;
Jessica P. Preston, Senior Assistant Attorney General, on brief), for
appellee.

Charles Ramsey appeals the circuit court's judgment recommitting him to the custody of the

Department of Behavioral Health and Developmental Services (the Department) for continued

treatment under the Virginia Sexually Violent Predators Act, Code §§ 37.2-900 to -921.[1] Ramsey

argues that the circuit court erred by finding that he did not meet the criteria for conditional release.

---

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] Portions of the record in this matter are sealed, but this appeal necessitates unsealing
relevant material. "To the extent that this opinion mentions facts found in the sealed record, we
unseal only those specific facts, finding them relevant to the decision in this case. The remainder
of the previously sealed record remains sealed." *Levick v. MacDougall*, 294 Va. 283, 288 n.1
(2017).

We hold the record supports the circuit court's factual finding. Accordingly, we affirm the court's judgment.[2]

BACKGROUND[3]

In 2001, Ramsey was convicted of aggravated sexual battery of a ten-year-old girl. He was sentenced to eight years of incarceration.

In 2007, as the end of Ramsey's term of active incarceration neared, the Commonwealth filed a petition against him, as the respondent, to civilly commit him under the Sexually Violent Predators Act. After a hearing, the circuit court found that he was a sexually violent predator and that he did not satisfy the criteria for conditional release. Determining that there was not a less restrictive alternative to involuntary secure inpatient treatment, the court committed Ramsey to the Department's custody for inpatient treatment.[4]

In August 2025, in compliance with the Code, the circuit court held a biennial review of Ramsey's status as a sexually violent predator and his related civil commitment. At the hearing, Dr. Daniel Montaldi, a licensed clinical psychologist and forensic evaluator, testified about his assessment of Ramsey, which he did in January 2025. Ramsey had pedophilic disorder, antisocial personality disorder, alcohol use disorder, and cannabis use disorder. Dr. Montaldi explained that

---

[2] Having examined the briefs and record in this case, the panel unanimously agrees that oral argument is unnecessary because "the appeal is wholly without merit." *See* Code § 17.1-403(ii)(a); Rule 5A:27(a). In addition, "the dispositive issue or issues have been authoritatively decided, and the appellant has not argued that the case law should be overturned, extended, modified, or reversed." *See* Code § 17.1-403(ii)(b); Rule 5A:27(b).

[3] Under the applicable standard of review, this Court considers "the evidence in the light most favorable to the Commonwealth," as the prevailing party below. *Lotz v. Commonwealth*, 277 Va. 345, 349 (2009). In doing so, we "accord the Commonwealth the benefit of all inferences fairly deducible from the evidence." *Shivaee v. Commonwealth*, 270 Va. 112, 127 (2005).

[4] At that time, the Department's name was The Department of Mental Health, Mental Retardation, and Substance Abuse Services. Va. Dep't of Behav. Health & Dev. Servs., Chronological History 3-5 (2025), https://perma.cc/NAS8-3WYC; *see also* 2009 Va. Acts chs. 813, 840 (amending Code § 2.2-212 to change the Department's name).

these diagnosed conditions impaired Ramsey's ability to control his "predatory behavior." Dr. Montaldi reported that Ramsey performed "pretty well" with some aspects of treatment. According to Dr. Montaldi, however, Ramsey remained in phase one of the three-phase program because he "struggle[d]" to meet behavior objectives due to difficulty controlling his temper. Dr. Montaldi opined that Ramsey did not meet the criteria for conditional release because his temper could make it difficult for him to comply with conditions of release.

Dr. Michelle Sjolinder, a clinical psychologist and certified sex offender treatment provider, evaluated Ramsey in July 2025 in anticipation of the review hearing and similarly opined that he did not meet the criteria for conditional release. Citing incidents that occurred in February, March, and May of 2025, she said Ramsey's failure to control his antisocial tendencies was a cause for concern. Although Dr. Sjolinder praised Ramsey's treatment progress, she noted that he had not learned to manage his pedophilic disorder or demonstrate appropriate risk evaluation. Ramsey acknowledged that he was sometimes sexually aroused by thoughts of young girls. In addition, Ramsey's score on the Static-99R, an objective risk assessment tool, placed him at a "well above average" risk of reoffending when compared to other sexual offenders.[5] Based on her assessment, Dr. Sjolinder concluded that Ramsey needed further secure inpatient treatment, that he would have difficulty complying with conditions placed on release, and that his release would present an "undue risk" to the public's safety.

Ramsey testified, claiming he had been wrongfully convicted of the original offense and expressing frustration at his continued confinement. He questioned the accuracy of the recorded observations the facility's staff made about his behavior. He attested to his willingness to comply

---

[5] The scoring for the Static-99R assessment considers several factors, including prior offending behavior, convictions, and the nature of the victims. Ramsey's initial score was reduced by three points because he was over age sixty, but his assessed risk of reoffending remained "well above average."

with any conditions placed on his release and to his commitment to not reoffend. Ramsey told the court that he did not pose any "threat to the community."

After argument by counsel, the circuit court found that Ramsey remained a sexually violent predator and did not meet the criteria for conditional release.

ANALYSIS

## I. Legal Framework

A "[s]exually violent predator" is someone "convicted of a sexually violent offense" who, "because of a mental abnormality or personality disorder, finds it difficult to control his predatory behavior, which makes him likely to engage in sexually violent acts." Code § 37.2-900. Review hearings for the civil commitment of sexually violent predators are held every year for the first five years and then every other year. Code § 37.2-910(A).

The standard of proof required under the Sexually Violent Predators Act is proof by clear and convincing evidence. *Benefield v. Commonwealth*, 82 Va. App. 561, 571 (2024); *see Ellison v. Commonwealth*, 273 Va. 254, 260 (2007); Code § 37.2-910(C). The clear-and-convincing standard requires "that the evidence . . . produce 'a firm belief or conviction as to the allegations sought to be established.'" *Benefield*, 82 Va. App. at 574 (quoting *Fred C. Walker Agency, Inc. v. Lucas*, 215 Va. 535, 540-41 (1975)). *See generally Commonwealth v. Miller*, 273 Va. 540, 551 (2007) (describing the clear-and-convincing standard as "an intermediate level of proof that exceeds the 'preponderance' standard[] but does not reach the level of certainty required in criminal cases of 'beyond a reasonable doubt'" (quoting *Grubb v. Grubb*, 272 Va. 45, 54 (2006))). The burden of proof rests with the Commonwealth throughout the proceeding. *See* Code § 37.2-910(C); *see also Gibson v. Commonwealth*, 287 Va. 311, 314, 319-20 (2014). But on appeal of the review decision, a circuit court's findings of fact will be reversed only if they are plainly wrong or without evidentiary support. *See Commonwealth v. Squire*, 278 Va. 746, 749 (2009).

The review process requires the circuit court to determine, based on an examination of the evidence provided at the hearing, whether the individual "remains a sexually violent predator." Code § 37.2-910(D). If the court finds that a respondent remains a sexually violent predator, "it shall order that he remain in the custody" of the Department "for secure inpatient hospitalization and treatment or that he be conditionally released." Code § 37.2-910(D).

Ramsey argues that the evidence did not support the circuit court's finding that the Commonwealth established that he did not meet the criteria necessary for a conditional release.[6]

## II. Conditional Release

For a respondent to be eligible for conditional release, the circuit court must find that he meets four conditions. Code § 37.2-912(A); *see Lotz v. Commonwealth*, 277 Va. 345, 350 (2009). First, it must find that "he does not need secure inpatient treatment but needs outpatient treatment or monitoring to prevent his condition from deteriorating to a degree that he would need secure inpatient treatment." Code § 37.2-912(A)(i). Second, the court must determine that "appropriate outpatient supervision and treatment are reasonably available." Code § 37.2-912(A)(ii). Third, the evidence must provide "significant reason to believe that the respondent, if conditionally released, would comply with the conditions specified." Code § 37.2-912(A)(iii). Fourth, the court must conclude that "conditional release will not present an undue risk to public safety." Code § 37.2-912(A)(iv).

The evidence here shows that both Dr. Montaldi and Dr. Sjolinder concluded that Ramsey would have problems complying with the conditions of his release due to his difficulty controlling

---

[6] Ramsey does not contest the circuit court's finding that he continued to be a sexually violent predator. His brief invokes the ends-of-justice exception contained in Rule 5A:18 "[t]o the extent, if any," his assignment of error is not preserved. The Commonwealth does not argue that Ramsey did not preserve his argument. We address the appeal on the merits because Ramsey's assignment of error is subsumed in the argument his counsel made below.

his temper.[7] *See Lotz*, 277 Va. at 348-50 (affirming the circuit court's decision to deny Lotz a conditional release because he was physically aggressive and disruptive). Even though Dr. Montaldi opined that Ramsey no longer presented a "sexual danger," he believed outpatient treatment was not appropriate until Ramsey demonstrated an ongoing ability to manage his anger. He noted that Ramsey would need to maintain a good relationship with his probation officer and would have to get along with the other individuals with whom he lived after he was released. Dr. Sjolinder recounted several "outbursts" by Ramsey that occurred between February and May 2025. She testified that Ramsey had a "significant amount of work" to do to control his temper. Dr. Sjolinder additionally determined that Ramsey needed further secure inpatient treatment to adequately address his sexual arousal management and demonstrate appropriate risk evaluation. She also found that his release would present an "undue risk" to the public's safety.

Although Ramsey claimed that he would follow any conditions the circuit court imposed and did not pose any risk to the community, the court was not obligated to accept his testimony as credible. *See Poole v. Commonwealth*, 73 Va. App. 357, 369 (2021) (noting that the circuit court "was at liberty to discount [the appellant's] self-serving statements" (quoting *Becker v. Commonwealth*, 64 Va. App. 481, 495 (2015))).

The record supports the court's finding that Ramsey did not meet all four of the criteria necessary for a conditional release.[8] *See* Code § 37.2-912(A); *Lotz*, 277 Va. at 350

---

[7] Ramsey emphasizes the conflict in the expert opinions. The fact that the doctors' opinions differed on some of the other factors was a matter for the circuit court to resolve. This Court will not second guess the weight a trial court assigns to expert testimony. *See Squire*, 278 Va. at 749-51.

[8] This memorandum opinion does not address the evidence related to all of the four criteria because doing so is unnecessary. *Shaw v. Commonwealth*, 304 Va. 217, 233 (2025) (noting that judicial restraint requires cases to be decided on the best and narrowest grounds).

("[C]onditional release is permitted only after a judicial determination that [the respondent] satisfies all four criteria . . . .").

CONCLUSION

The Court holds that the record supports the determination that Ramsey did not meet the criteria for a conditional release. Accordingly, the judgment of the circuit court is affirmed.

*Affirmed.*